2120 - Served              2121 - Served
2220 - Not Served          2221 - Not Served
2320 - Served By Mail      2321 - Served By Mail
2420 - Served By Publication   2421 - Served By Publication
SUMMONS                    ALIAS - SUMMONS          CCG N001-10M-1-07-05 (                    )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY _____ DIVISION **RECEIVED**
STATE OF ILLINOIS

(Name all parties)

RESTORATION SPECIALISTS, LLC

DEC 3 1 2007
11:06 57
DEPT. OF INSURANCE
CHICAGO, ILLINOIS

v.                                              No. 07-CH-35788

HARTFORD FIRE INSURANCE CO.

## SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 802 _____, Chicago, Illinois 60602

☐ District 2 - Skokie          ☐ District 3 - Rolling Meadows    ☐ District 4 - Maywood
  5600 Old Orchard Rd.           2121 Euclid                        1500 Maybrook Ave.
  Skokie, IL 60077               Rolling Meadows, IL 60008          Maywood, IL 60153

☐ District 5 - Bridgeview      ☐ District 6 - Markham            ☐ Child Support
  10220 S. 76th Ave.             16501 S. Kedzie Pkwy.              28 North Clark St., Room 200
  Bridgeview, IL 60455           Markham, IL 60426                  Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

DEC 1 3 2007

WITNESS, DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

Atty. No.: 37373
Name: Laurie M. Burgess; Katz, Friedman, et. al.
Atty. for: Plaintiff, Restoration Specialists, LLC          _____
Address: 77 W. Washington Street, 20th Floor                      Clerk of Court
City/State/Zip: Chicago, IL 60602-2983
Telephone: (312) 263-6330                       Date of service: _____,
                                                (To be inserted by officer on copy left with defendant
                                                            or other person)
Service by Facsimile Transmission will be accepted at: _____
                                                        (Area Code)   (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS



**EXHIBIT A**

**08 C 644**     **JUDGE DOW**
**MAGISTRATE JUDGE BROWN**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

RESTORATION SPECIALISTS, LLC,        )
      PLAINTIFF,        )
                   )
v.        )
                   )
HARTFORD FIRE INSURANCE CO.,        )
      DEFENDANT.        )

07CH35788 RECEIVED
STATE OF ILLINOIS

DEC 3 1 2007

DEPT. OF INSURANCE
CHICAGO, ILLINOIS

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES Plaintiff Restoration Specialists, LLC, by and through its attorney, Laurie M. Burgess, and for its Complaint for Declaratory Judgment alleges and states the following:

## NATURE OF THE CASE

This declaratory judgment and breach of contract action seeks a declaration by this Court that Plaintiff is insured under Defendant Hartford Insurance Company's insurance policy and that Defendant Hartford Insurance Company breached its obligations under the insurance policy by refusing to reimburse Plaintiff's expenses arising from an occurrence covered under its insurance policy.

## PARTIES, JURISDICTION, AND VENUE

1.    At all times material to this Complaint, Plaintiff has been a limited liability company organized and existing under the laws of Illinois, and residing in Cook County.

2.    Defendant Hartford Insurance Company ("Hartford") is a corporation authorized to do business as an insurance company in the state of Illinois.

3.    This Court has jurisdiction over this case pursuant to 735 ILCS 5/2-701 for declaratory judgments and because it is a breach of contract action.

LAW DEPARTMENT

JAN 0 7 '08

RECEIVED

4.    Venue is proper because the insurance policy that is the subject of this action was issued to Plaintiff in Cook County, the accident at issue occurred in Cook County, and the breach complained of herein occurred in Cook County.

THE POLICY

5.    In or about March 2003, Michael Kogen, a licensed insurance agent with McHenry Insurance Services ("McHenry"), a registered, licensed insurance broker, sought and secured insurance coverage from Defendant Hartford for a group of property owners and/or their entities, including Plaintiff. This group of property owners and/or their entities is referred to in the policy as "Michael Aufrecht, etal." A complete and accurate list of the insureds for whom McHenry procured insurance with Defendant Hartford is attached hereto as Exhibit A.

6.    On March 18, 2003, Defendant Hartford issued a specialty property policy (hereinafter referred to as "the Policy") to "Michael Aufrecht, etal" bearing the number GW0000253. A true and accurate copy of the Policy is attached hereto as Exhibit B.

7.    The policy identified in paragraph 7 above, includes a "Property Form" which defines the "Insured" as follows:

> "Michael Aufrecht, etal [sic] and any subsidiary, associated or affiliated company, corporation, firm, organization, partnership, joint venture or individual as exists now or is hereafter constituted or acquired, and any other party or interest that is required by contract or other agreement to be named, hereafter referred to at the ("Insured").

*    *    *

8.    The Policy's "Property Form" (Ex. A) also incorporates a list captioned "Named Insured and Location Address," which includes: "Restoration Specialists, L.L.C., 713 West Wrightwood, Chicago IL 60613".

2

9.    The Policy provides in pertinent part:

7.    COVERAGE

*        *        *

B.    Business Interruption

(1) Loss resulting from necessary interruption of business conducted by the Insured and caused by loss, damage, or destruction by any of the perils covered herein during the term of this policy to real and personal property as described in Clause 7A. (2) If such loss occurs during the term of this policy, it shall be adjusted on the basis of the ACTUAL LOSS SUSTAINED by the Insured, consisting of the net profit which is thereby prevented from being earned and of all charges and expenses, including ordinary payroll, only to the extent that these must necessarily continue during the interruption of business and only to the extent to which such charges and expenses would have been earned had no loss occurred.

*        *        *

C.    Extra Expense

(1) Extra expense incurred resulting from loss or damage to property by any of the perils covered herein during the term of this policy. (2) "Extra expense" means the excess of the total cost during the period of restoration of the damaged property chargeable to the operation of the Insured's business over and above the total cost that would normally have been incurred to conduct the business during the same period had no loss or damage occurred.

D.    Rental Value/Rental Income

(1) Rental value loss sustained by the Insured resulting directly from the necessary untenability caused by loss, damage, or destruction by any of the perils covered herein during the term of this policy to real or personal property as described in Clause 7A, but not exceeding the reduction in rental value less charges and expenses which do not necessarily continue during the period of untenability.

*        *        *

3

E.  Provisions Applicable to Business Interruption, Extra Expense, and Rental Values Coverages

(1) Period of Recovery: The length of time for which loss may be claimed

(a)  Shall not exceed such length of time as would be required with the exercise of due diligence and dispatch to rebuild, repair or replace such part of the property as has been damaged or destroyed.

\*     \*     \*

(5) Interruption by Civil or Military Authority: This policy is extended to cover for a period not to exceed thirty (30) consecutive days the loss sustained during the period of time, when, as a direct result of a peril insured against, access to real or personal property is prohibited by order of civil or military authority. Physical damage must occur within 2.5 miles of the Insured's premises.

(6) Ingress/Egress: This policy is extended to cover for a period not to exceed thirty (30) consecutive days the loss sustained during the period of time, when as a direct result of a peril insured against, ingress to or egress from an insured premises is thereby prevented. Physical damage must occur within 2.5 miles of the Insured's premises.

\*     \*     \*

8.  **PERILS INSURED AGAINST**

This policy insures against risks of direct physical loss of or damage to property described herein including general average, salvage, and all other charges on shipments covered hereunder, except as hereinafter excluded.

\*     \*     \*

12.  **OCCURRENCE DEFINED**

The term "occurrence" as used herein shall be deemed to mean a loss or a series of losses or several losses which are attributable directly or indirectly to one cause or disaster or to one series of similar causes or disasters and all such losses shall be added together and the total amount of such losses shall be treated as one occurrence irrespective of the area under which such losses occur. An occurrence shall be limited to a period of 168 hours.

4

\* \* \*

15. **DEBRIS REMOVAL**

This policy covers the following expenses resulting form a peril insured against:

A. the cost of removal of debris of property covered hereunder;
B. the cost of removal of debris of property not insured hereunder from the premises of the Insured.

\* \* \*

17. **DEMOLITION AND INCREASED COST OF CONSTRUCTION**

In the event of a covered physical loss or damage under this policy that causes the enforcement of any law or ordinance that is in force at the time and place of loss and that regulates the construction, repair or use of property, this Company shall be liable for:

A. the cost of demolishing the undamaged property including the cost of clearing the site;
B. the proportion that the value of the undamaged part of the property bore to the value of the entire property prior to loss;
C. increased cost of repair or reconstruction of the damaged and undamaged property on the same or another site and limited to the costs that would have been incurred in order to comply with the minimum requirements of such law or ordinance regulating the repair or reconstruction of the damaged property on the same site. However, this Company shall not be liable for any increased cost of construction loss unless the damaged property is actually rebuilt or replaced.
D. Any increase in the business interruption, extra expense, rental value and royalties loss arising out of the additional time required to comply with said law or ordinance.

\* \* \*

39. **PAYMENT OF LOSS**

All adjusted claims shall be due and payable no later than 30 days after presentation and acceptance of proofs of loss by this Company or its appointed representative.

5

## THE ACCIDENT AND TENDER OF THE "LOSS"

10.     On or about June 29, 2003, the third floor back porch of an apartment building owned by Plaintiff located at 713 West Wrightwood in Chicago collapsed. This incident is hereinafter referred to as the "accident."

11.     Following the accident that occurred at 713 W. Wrightwood, Plaintiff incurred losses in excess of $250,000.00 and timely reported these losses to Defendant Hartford.

12.     At all times relevant hereto, Plaintiff performed its duties under the Policy, including but not limited to: payment of premiums, filing a timely claim and proof of loss, and cooperating in the immediate investigation of its claims.

## HARTFORD'S DENIAL OF THE CLAIMED LOSS

13.     On September 1, 2004, Michael Schwartz, an insurance adjuster for Defendant Hartford sent Plaintiff a letter stating that the covered loss was $59,946.37. After deducting Plaintiff's $50,000.00 deductible, Defendant Hartford determined Plaintiff's net, covered loss to be $9,946.37.

14.     Plaintiff and his counsel contested Defendant Hartford's assessment of Plaintiff's damages, claiming that a substantially larger sum was due Plaintiff under the policy arising from the accident.

15.     On February 6, 2007, Defendant Hartford subsequently denied Plaintiff's claim in its entirety because "Mr. Aufrecht, the only named insured on the Policy has never possessed any ownership interest in the Premises." Defendant Hartford also demanded that Plaintiff return the previously disbursed payment of $9,946.37. A true and accurate copy of the letter is attached hereto as Exhibit C.

6

16.    On February 16, 2007, Plaintiff's counsel sent a letter to Defendant Hartford clarifying and affirming that Plaintiff's status as an insured under its policy. A true and accurate copy of that letter is attached hereto as Exhibit D.

17.    On March 1, 2007, Defendant Hartford confirmed its denial of Plaintiff's claim and its status as an insured. A true and accurate copy of the letter is attached hereto as Exhibit E.

<u>COUNT I</u>
(Declaratory Judgment)

18.    Plaintiff incorporates and re-alleges the allegations contained in Paragraphs 1 to 17 as if fully alleged herein.

19.    Defendant Hartford has denied Plaintiff's claim on the purported basis that Plaintiff and/or the property where the accident occurred is not insured under its Policy.

20.    Plaintiff maintains that it is a covered insured under Defendant Hartford's Policy.

21.    A real and justicable controversy exists between and among the parties regarding the status of Plaintiff as an insured under Hartford's policy, and regarding Hartford's liability for the loss arising from the accident that occurred at 713 W. Wrightwood.

WHEREFORE, as a result of the controversy regarding whether Plaintiff is insured under the Policy, Plaintiff requests that this Court declare as a matter of law that it is an insured covered under Defendant Hartford's Policy.

<u>COUNT II</u>
(Breach of Contract)

22.    Plaintiff incorporates and re-alleges the allegations contained in paragraphs 1 to 21 above, as if alleged fully herein.

23.    Defendant Hartford's conduct alleged herein constitutes a material breach of contract.

7

24.    Plaintiff has suffered significant damages from Defendant Hartford's breach of contract in failing to reimburse it for the losses associated with the accident.

## COUNT III

25.    Plaintiff incorporates and re-alleges the allegations contained in paragraphs 1 to 24 above, as if fully alleged herein.

26.    Defendant Hartford's conduct has been vexatious and unreasonable, in violation of 215 ILCS 5/155. Defendant Hartford's vexatious and unreasonable actions include, but are not limited to:

    a.  Significantly limiting initially, by and improperly the amount of money it paid out to Plaintiff in response to its claim;

    b.  Unreasonably delaying settlement of Plaintiff's claim;

    c.  Claiming in bad faith that the Plaintiff is not covered by its Policy;

    d.  Unreasonably and in bad faith demanding that Plaintiff repay monies previously disbursed to Plaintiff under the Policy;

    e.  Compelling Plaintiff to sue it in order to recover monies owed under the Policy; and

    f.  Offering defenses for its conduct that is not legitimate, or bona fide.

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Defendant Hartford and:

1.  Award Plaintiff its damages from the occurrence on June 30, 2003, plus pre-judgment interest;

2.  Award Plaintiff § 155 fees and penalties due to Defendant Hartford's vexatious and unreasonable conduct in refusing to pay Plaintiff according to the Policy and forcing Plaintiff to sue to recover;

8

3.  Equitably estop Defendant Hartford from asserting any policy defenses due to its vexatious and unreasonable conduct; and

4.  Grant Plaintiff such other and further relief as this Court deems just and proper.

Dated: December 5, 2007

Respectfully submitted,

**RESTORATION SPECIALISTS, LLC**

By: _Laurie M. Burgess_

Laurie M. Burgess, Its Attorney

Laurie M. Burgess
Katz, Friedman, Eagle,
Eisenstein, Johnson & Bareck, P.C.
77 W. Washington St.
Suite 2000
Chicago, IL 60602-2801
(312) 263-6330
L:\Miscellaneous\Pappas, P\HARTFORD INSURANCE\Pleadings\Complaint.doc

9

A

# PROPERTY FORM

*Michael Aufrecht, etal* and any subsidiary, associated or affiliated company, corporation, firm, organization, partnership, joint venture or individual as exists now or is hereafter constituted or acquired, and any other party or interest that is required by contract or other agreement to be named, hereafter referred to as the "Insured".

1.  **TERM OF INSURANCE**

    In consideration of $299,371 annual premium, this policy attaches and covers for a period of one year, from February 3, 2003 to February 3, 2004, beginning and ending at 12:01 A.M., at the location of the property involved.

2.  **PARTICIPATION**

    This policy covers for a 100 percent interest in this insurance, and this Company shall not be liable for more than 100 percent of the Limits of Liability as specified in Clause 3.

3.  **LIMITS OF LIABILITY**

    $10,000,000  per occurrence, except:
    $10,000,000  per occurrence and in the annual aggregate as respects Flood (*excluding Flood within any 100 year flood zone and/or FEMA flood zones A & V or any subzone thereof*).
    $10,000,000  per occurrence and in the annual aggregate as respects Earthquake (*excluding Earthquake in California*).

4.  **DEDUCTIBLE**

    A.  All losses, damages, or expenses arising out of any one occurrence shall be adjusted as one loss and from the amount of such adjusted loss shall be deducted the sum of $50,000, except:

        2%  of total insurable values involved in loss or damage as respects the peril of Windstorm at Tier One Jurisdictions, subject to a minimum of $100,000 per occurrence.

        Whether the claim involves loss at one or more locations, the deductible amount shall apply against the total loss suffered by the Insured from any one occurrence.

    B.  If two or more deductible amounts in this policy apply to a single occurrence, the total to be deducted shall not exceed the largest deductible applicable.

3

| NAMED INSURED & LOCATION ADDRESS | OCCUPANCY | # OF FLOORS | # OF UNITS | SQ FT | YEAR BUILT | YEAR UPDATED | CONSTRUCTION | BLDG | RENTS | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|
| BELDEN I, L.L.C. 520-526 West Belden Chicago, IL 60614 | Apt | 3 | 50 | 38,000 | 1930 | 1998 | joisted masonry | $2,800,000 | $720,000 | $3,520,000 |
| ELLIS PROPERTIES, L.L.C. 7845-59 Avalon/ 1234-40 East 79th Street Chicago, IL 60619 | Apt/Merc: laundromat hair salon | 3 | 47 | A-33,000 M-7,000 | 1928 | 1997 | joisted masonry | $2,700,000 | $278,000 | $2,978,000 |
| COLE TAYLOR BANK UT#94-6169 & BELDEN II, L.L.C. 534-36 West Belden Chicago, IL 60614 | Apt | 3 | 9 | 11,000 | 1935 | 1999 | joisted masonry | $900,000 | $110,000 | $1,010,000 |
| COLE TAYLOR BANK UT#94-6169 & BELDEN II, L.L.C. 2340 North Cambridge Chicago, IL 60614 | Apt | 2 | 3 | 4,000 | 1928 | 1999 | frame | $280,000 | $40,000 | $320,000 |
| P&A PROPERTIES, L.L.C. 1415 West Belle Plaine Chicago, IL 60613 | Apt | 3 | 7 | 8,000 | 1930 | 1998 | joisted masonry | $750,000 | $85,000 | $835,000 |
| P&A PROPERTIES, L.L.C. 611 West Briar/ 3144 North Broadway Chicago, IL 60657 | Apt | 3 | 10 | 10,000 | 1930 | 1996 | joisted masonry | $850,000 | $120,000 | $970,000 |

1

| NAMED INSURED & LOCATION ADDRESS | OCCUPANCY | # OF FLOORS | # OF UNITS | SQ.FT | YEAR BUILT | UPDATED | CONSTRUCTION | BLDG | RENTS | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|
| AMERICAN NATL BANK UT#75532 & BURLING-GENEVA, L.L.C. 2960-26 North Burling Chicago, IL 60657 | Apt | 3 | 18 | 16,000 | 1935 | 1997 | joisted masonry | $1,300,000 | $220,000 | $1,520,000 |
| AMERICAN NATL BANK UT#25-7343 & MDM PROPERTIES, L.L.C. 1416-22 North Central/ 2531-35 Jackson Evanston, IL 60202 | Apts | 3 | 26 | 24,000 | 1935 | 1997 | joisted masonry | $2,300,000 | $320,000 | $2,620,000 |
| P&A PROPERTIES, L.L.C. 1758 North Clybourn Chicago, IL 60614 | Apt | 3 | 3 | 4,000 | 1928 | 1999 | joisted masonry | $300,000 | $40,000 | $340,000 |
| P&A PROPERTIES, L.L.C. 1760-82 North Clybourn Chicago, IL 60614 | Apt/Merc: contractor office | 3 | 2 | A-2,000 M-1,000 | 1930 | 1996 | joisted masonry | $500,000 | $45,000 | $545,000 |
| DEMING APARTMENTS, L.L.C. 531 West Deming Chicago, IL 60614 | Apt | 4 | 90 | 50,000 | 1969 | 1999 | joisted masonry | $3,500,000 | $900,000 | $4,400,000 |
| P&A PROPERTIES, L.L.C. 638 West Drummond Chicago, IL 60613 front & rear | front-Apt rear-Apt | 3 2 | 4 3 | 4,000 3000 | 1928 1928 | 1996 1996 | joisted masonry frame | $300,000 $200,000 | $50,000 $40,000 | $350,000 $240,000 |

| NAMED INSURED & LOCATION ADDRESS | OCCUPANCY | # OF FLOORS | # OF UNITS | SQ.FT | YEAR BUILT | YEAR UPDATED | CONSTRUCTION | BLDG | RENTS | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|
| ELLIS PROPERTIES, L.L.C. 7834-44 South Ellis Chicago, IL 60619 | Apt | 3 | 50 | 46,000 | 1930 | 2000 | Joisted masonry | $2,000,000 | $500,000 | $2,500,000 |
| AMERICAN NATL BANK UT#RV-012101 1235-41 Elmwood Evanston, IL 60201 | Apt | 3 | 25 | 23,000 | 1935 | 1997 | joisted masonry | $2,200,000 | $300,000 | $2,500,000 |
| AMERICAN NATL BANK UT#25-8184 & MDM PROPERTIES, L.L.C. 1406 West Elmwood Evanston, IL 60202 | Apt | 3 | 18 | 15,000 | 1935 | 1996 | joisted masonry | $1,300,000 | $220,000 | $1,520,000 |
| COLE TAYLOR BANK UT#95-6333 808-816 Forest Evanston, IL 60202 | Apt | 3 | 29 | 26,000 | 1930 | 1997 | joisted masonry | $2,200,000 | $350,000 | $2,550,000 |
| P&A PROPERTIES, L.L.C. 3709-11 North Fremont Chicago, IL 60613 | Apt | 3 | 7 | 9,000 | 1928 | 1996 | joisted masonry | $800,000 | $90,000 | $890,000 |
| P&A PROPERTIES, L.L.C. 3722-24 North Fremont Chicago, IL 60613 | Apt | 3 | 6 | 8,000 | 1927 | 1999 | joisted masonry | $700,000 | $80,000 | $780,000 |
| P&A PROPERTIES, L.L.C. 3725-27 North Fremont Chicago, IL 60613 | Apt | 3 | 6 | 6,000 | 1930 | 1999 | joisted masonry | $500,000 | $70,000 | $570,000 |

| NAMED INSURED & LOCATION ADDRESS | OCCUPANCY | # OF FLOORS | # OF UNITS | SQ FT | YEAR BUILT | UPDATED | CONSTRUCTION | BLDG | RENTS | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|
| P&A PROPERTIES, L.L.C. 3800-10 North Greenview Chicago, IL 60613 front & rear | front-Apt<br>rear-Apt | 3<br>2 | 6<br>2 | 7,000<br>3900 | 1930<br>1930 | 1997<br>1999 | joisted masonry<br>joisted masonry | $600,000<br>$200,000 | $80,000<br>$20,000 | $680,000<br>$220,000 |
| P&A PROPERTIES, L.L.C. 3900-15 North Greenview Chicago, IL 60657 | Apt | 3 | 19 | 17,000 | 1935 | 2000 | joisted masonry | $1,100,000 | $230,000 | $1,330,000 |
| EVANSHIRE PROPERTIES, L.L.C. 2-10 1/2 Greenwood Park Ridge, IL 60068 | Apt | 3 | 60 | 52,000 | 1970 | 1998 | fire resistive | $4,400,000 | $750,000 | $5,150,000 |
| AMERICAN NATL BANK UT#25-10241 & MDM PROPERTIES, L.L.C. 632-40 Hinman Evanston, IL 60202 | Apt | 3 | 32 | 27,000 | 1930 | 1996 | joisted masonry | $2,800,000 | $400,000 | $3,200,000 |
| MARYLAND APARTMENTS, L.L.C. 8051 South Ingleside Chicago, IL 60619 | Apt | 3 | 24 | 25,000 | 1935 | 2000 | joisted masonry | $1,600,000 | $230,000 | $1,830,000 |
| MARYLAND APARTMENTS, L.L.C. 8222-32 South Ingleside Chicago, IL 60619 | Apt | 3 | 32 | 28,000 | 1930 | 2001 | joisted masonry | $2,000,000 | $300,000 | $2,300,000 |
| AMERICAN NATL BANK UT#RV-012120 123-25 North Jefferson Chicago, IL 60606 | Apt | 3 | 6 | 9,000 | 1928 | 1998 | joisted masonry | $1,400,000 | $80,000 | $1,480,000 |
| JUDSON II, L.L.C. 820 North Judson Evanston, IL 60202 | Apt | 3 | 16 | 14,000 | 1935 | 1997 | joisted masonry | $1,200,000 | $200,000 | $1,400,000 |

4

| NAMED INSURED & LOCATION ADDRESS | OCCUPANCY | # OF FLOORS | # OF UNITS | SQ FT | YEAR BUILT | UPDATED | CONSTRUCTION | BLDG | RENTS | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|
| P&A PROPERTIES, L.L.C. 2247 North Lincoln Chicago, IL 60613 | Apt/Merc; restaurant | 3 | 2 | A-2,800 M-1,400 | 1920 | 2001 | joisted masonry | $500,000 | $40,000 | $540,000 |
| P&A PROPERTIES, L.L.C. 2638 North Lincoln Chicago, IL 60613 | Apt/Merc; restaurant | 3 | 4 | A-2,500 M-1,250 | 1935 | 2000 | joisted masonry | $600,000 | $60,000 | $660,000 |
| EVANSHIRE PROPERTIES, L.L.C. 996-1012 Main Evanston, IL 60602 | Apt | 3 | 78 | 60,000 | 1935 | 1996 | joisted masonry | $3,700,000 | $900,000 | $4,600,000 |
| P&A PROPERTIES, L.L.C. 2704 North Mildred Chicago, IL 60614 | Apt | 3 | 7 | 8,000 | 1930 | 1996 | joisted masonry | $600,000 | $90,000 | $690,000 |
| P&A PROPERTIES, L.L.C. 925 West Newport Chicago, IL 60657 | Apt | 3 | 3 | 4,000 | 1935 | 1996 | joisted masonry | $500,000 | $40,000 | $540,000 |
| LASALLE NATL. BANK UT#28661 520-22 West Oakdale Chicago, IL 60657 | Apt | 3 | 6 | 6,000 | 1930 | 1997 | joisted masonry | $600,000 | $80,000 | $680,000 |
| KIRCHOFF-PLUM GROVE, L.L.C. 1353 Plum Grove Road/ 4611-77 Kirchoff Road Rolling Meadows, IL 60008 | Apt (6 bldgs) | 2 | 156 | 124,000 | 1968 | 1998 | joisted masonry | $7,000,000 | $1,600,000 | $8,600,000 |

| NAMED INSURED & LOCATION ADDRESS | OCCUPANCY | # OF FLOORS | # OF UNITS | SQ FT | YEAR BUILT | UPDATED | CONSTRUCTION | BLDG | RENTS | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|
| AMERICAN NATL BANK UT#25-7963 & OAKDALE PROPERTIES, L.L.C. 2540 North Racine Chicago, IL 60614 | Apt | 3 | 16 | 16,000 | 1935 | 1998 | joisted masonry | $1,000,000 | $220,000 | $1,220,000 |
| COLE TAYLOR BANK UT#93-6916 2213-23 Ridge Evanston, IL 60202 | Apt | 3 | 39 | 32,000 | 1935 | 1997 | joisted masonry | $2,600,000 | $470,000 | $3,070,000 |
| AMERICAN NATL BANK UT#RV-011803 2225-27 Ridge/1014-24 Noyes Evanston, IL 60201 | Apt | 3 | 18 | 15,000 | 1930 | 1996 | joisted masonry | $1,500,000 | $220,000 | $1,720,000 |
| ROSCOE II, L.L.C. 417 West Roscoe Chicago, IL 60613 | Apt | 4 | 36 | 30,000 | 1930 | 2000 | joisted masonry | $3,600,000 | $400,000 | $4,000,000 |
| P&A PROPERTIES, L.L.C. 1733 North Sheffield Chicago, IL 60613 | Apt | 2 | 2 | 3,000 | 1928 | 1996 | frame | $200,000 | $30,000 | $230,000 |
| P&A PROPERTIES, L.L.C. 1935 North Sheffield Chicago, IL 60614 | front-Apt / rear-Apt | 3 / 2 | 3 / 2 | 4,000 / 3000 | 1930 / 1930 | 1997 / 1997 | joisted masonry / joisted masonry | $400,000 / $200,000 | $40,000 / $30,000 | $440,000 / $230,000 |
| P&A PROPERTIES, L.L.C. 3255-57 North Sheffield Chicago, IL 60613 | Apt | 3 | 14 | 12,000 | 1935 | 1999 | joisted masonry | $2,000,000 | $170,000 | $2,170,000 |

| NAMED INSURED & LOCATION ADDRESS | OCCUPANCY | # OF FLOORS | # OF UNITS | SQ FT | YEAR BUILT | UPDATED | CONSTRUCTION | BLDG | RENTS | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|
| P&A PROPERTIES, L.L.C. 845-849 West Sheridan Chicago, IL 60613 | Apt | 3 | 8 | 9,000 | 1935 | 1996 | joisted masonry | $800,000 | $100,000 | $900,000 |
| AMERICAN NATL BANK UT#RRV-011463 800 Sherman/800 Washington Evanston, IL 60202 | Apt | 3 | 28 | 27,000 | 1935 | 1998 | joisted masonry | $2,500,000 | $330,000 | $2,830,000 |
| LASALLE NATL BANK UT#10-39674-09 642-44 West Surf Chicago, IL 60657 | Apt | 3 | 40 | 32,000 | 1930 | 1997 | joisted masonry | $2,100,000 | $500,000 | $2,600,000 |
| AMERICAN NATL BANK UT#25-7865 & MDM PROPERTIES, L.L.C. 304 West Touhy Park Ridge, IL 60068 | Apt | 3 | 40 | 30,000 | 1935 | 1996 | joisted masonry | $2,000,000 | $500,000 | $2,500,000 |
| P&A PROPERTIES, L.L.C. 845-54 West Waveland Chicago, IL 60613 | Apt | 3 | 14 | 12,000 | 1930 | 1995 | joisted masonry | $1,100,000 | $170,000 | $1,270,000 |
| PRESERVATION SPECIALISTS, L.L. 2058 North Cleveland Chicago, IL 60614 | Apt/Merc: Restaurant | 4 | 6 | A-6,000 M-2,000 | 1930 | 2000 | joisted masonry | $1,100,000 | $150,000 | $1,250,000 |
| PRESERVATION SPECIALISTS, L.L. 1936 North Sheffield Chicago, IL 60614 | front-Apt rear-Apt | 3 2 | 3 2 | 4,000 4000 | 1930 1930 | 2000 2000 | joisted masonry joisted masonry | $600,000 $300,000 | $40,000 $30,000 | $640,000 $330,000 |
| VINTAGE HOLDINGS, L.L.C. 8044 South Ingleside Chicago, IL 60619 | Apt | 3 | 44 | 35,000 | 1935 | 2001 | joisted masonry | $2,500,000 | $420,000 | $2,920,000 |

7

| NAMED INSURED & LOCATION ADDRESS | OCCUPANCY | # OF FLOORS | # OF UNITS | SQ FT | YEAR BUILT | UPDATED | CONSTRUCTION | BLDG | RENTS | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|
| VINTAGE HOLDINGS, L.L.C. 8001 South Dobson Chicago, IL 60619 | Apt | 3 | 15 | 19,000 | 1935 | 2001 | joisted masonry | $1,200,000 | $140,000 | $1,340,000 |
| COLE TAYLOR BANK UT#97-7181 5043 South Drexel Chicago, IL 60615 | Apt | 3 | 25 | 20,000 | 1928 | 1996 | joisted masonry | $1,700,000 | $300,000 | $2,000,000 |
| COLE TAYLOR BANK UT#97-7181 837-49 East 52nd Chicago, IL 60615 | Apt | 3 | 22 | 18,000 | 1928 | 1996 | joisted masonry | $1,600,000 | $260,000 | $1,860,000 |
| PRESERVATION SPECIALISTS, L.L. 1817 North Clybourn Chicago, IL 60614 | Apt | 2 | 3 | 4,400 | 1920 | 1999 | joisted masonry | $400,000 | $40,000 | $440,000 |
| RESTORATION PARTNERS & PHILIP PAPPAS & JAMES PAPPAS 2329 North Halsted Chicago, IL 60614 | Apt | 2 | 2 | 3,000 | 1928 | 1998 | joisted masonry | $300,000 | $30,000 | $330,000 |
| RESTORATION SPECIALISTS, L.L.C 3600 North Hermitage Chicago, IL 60613 | Apt | 3 | 6 | 7,000 | 1930 | 1998 | joisted masonry | $700,000 | $60,000 | $760,000 |
| PRESERVATION SPECIALISTS, L.L. 1826 West Patterson Chicago, IL 60613 | Apt | 3 | 3 | 5,000 | 1935 | 1998 | joisted masonry | $700,000 | $40,000 | $740,000 |
| RESTORATION SPECIALISTS, L.L.C. 1338-42 West Waveland/ 3704-05 North Wayne Chicago, IL 60613 | Apt | 3 | 19 | 18,000 | 1935 | 1997 | joisted masonry | $1,700,000 | $230,000 | $1,930,000 |

E

| NAMED INSURED & LOCATION ADDRESS | OCCUPANCY | # OF FLOORS | # OF UNITS | SQ.FT | YEAR BUILT | UPDATED | CONSTRUCTION | BLDG | RENTS | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|
| PRESERVATION SPECIALISTS, L.L. 1433 North Wells Chicago, IL 60614 | Apt | 3 | 7 | 7,000 | 1935 | 1997 | Joisted masonry | $700,000 | $90,000 | $790,000 |
| RESTORATION SPECIALISTS, L.L.C 713 West Wrightwood Chicago, IL 60613 | Apt | 3 | 5 | 6,000 | 1935 | 2000 | Joisted masonry | $400,000 | $40,000 | $440,000 |
| TOTALS: | | | | | | | | $89,080,000 | $14,948,000 | $104,028,000 |

9

(Rev. 12/4/00)  CCCH 0623

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT /CHANCERY DIVISION

RESTORATION SPECIALISTS, LLC

_____ Plaintiff

v.

_____

HARTFORD FIRE INSURANCE CO.

_____ Defendant

Case No. 07CH35788

RECEIVED
STATE OF ILLINOIS
DEC 3 1 2007
11$0057
DEPT. OF INSURANCE
CHICAGO. ILLINOIS

CHANCERY DIVISION CIVIL COVER SHEET

A Chancery Division Civil Cover Sheet shall be filed with the initial complaint in all actions filed in the Chancery Division. The information contained herein is for Administrative purposes only and shall not be introduced into evidence. Please check the box in front of the appropriate category which best characterizes your action being filed.

005 _____ Administrative Review
006 _____ Change of Name
001 _____ Class Action
002 __X__ Declaratory Judgment
004 _____ Injunction
008 _____ Mechanic's Lien
003 _____ Mortgage Foreclosure

007 _____ General Chancery
_____ Accounting
_____ Arbitration Awards
_____ Certiorari
_____ Dissolution of Corporation
_____ Dissolution of Partnership
_____ Equitable Lien
_____ Interpleader
_____ Mandamus
_____ Ne Exeat

_____ Partition
_____ Quiet Title
_____ Quo Warranto
_____ Redemption Rights
_____ Reformation of a Contract
_____ Rescission of a Contract
_____ Specific Performance
_____ Trust Construction
_____ Other _____

By: _____
     Attorney                    Pro Se

Atty. No.: 37373

Name: Laurie M. Burgess

Atty. for: Plaintiff, RESTORATION SPECIALISTS, LLC
           Katz, Friedman, Eagle, Eisenstein, Johnson & Bareck, P.C.
Address: 77 W. Washington St., Suite 2000

City/State/Zip: Chicago, IL 60602-2801

Telephone: (312) 263-6330

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS