IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RESTORATION SPECIALISTS, LLC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:08-cv-00644 |
| ) | |
| HARTFORD FIRE INSURANCE ) | |
| COMPANY, ) | Judge Robert M. Dow, Jr. |
| ) | |
| Defendant. ) | |

### ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES Defendant, HARTFORD FIRE INSURANCE COMPANY, by and through its attorneys, FISHER KANARIS, P.C., and for its Answer to Plaintiff's Complaint for Declaratory Judgment, states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. At all times material to this Complaint, Plaintiff has been a limited liability company organized and existing under the laws of Illinois, and residing in Cook County.

**ANSWER:** **Defendant neither admits nor denies the allegations of Paragraph 1 but demands strict proof of said allegations.**

2. Defendant Hartford Insurance Company ("Hartford") is a corporation authorized to do business as an insurance company in the state of Illinois.

**ANSWER:** **Defendant admits the allegations contained in Paragraph 2.**

3. This Court has jurisdiction over this case pursuant to 735 ILCS 5/2-701 for declaratory judgments and because it is a breach of contract action.

**ANSWER:** **Defendant admits the allegations contained in paragraph 3, however, pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441 (a) and in accordance with 28 U.S.C. § 1446, Defendant has chosen to remove this matter to the United**

States District Court for the Northern District of Illinois, Eastern Division based on diversity of citizenship between the parties.

4. Venue is proper because the insurance policy that is the subject of this action was issued to Plaintiff in Cook County, the accident at issue occurred in Cook County, and the breach complained of herein occurred in Cook County.

ANSWER:  Defendant admits the allegations contained in paragraph 3, however, pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441 (a) and in accordance with 28 U.S.C. § 1446, Defendant has chosen to remove this matter to the United States District Court for the Northern District of Illinois, Eastern Division, based on diversity of citizenship between the parties.

## THE POLICY

5. In or about March 2003, Michael Kogen, a licensed insurance agent with McHenry Insurance Services ("McHenry"), a registered, licensed insurance broker, sought and secured insurance coverage from Defendant Hartford for a group of property owners and/or their entities, including Plaintiff. This group of property owners and/or their entities is referred to in the policy as "Michael Aufrecht, et al." A complete and accurate list of the insureds for whom McHenry procured insurance with Defendant Hartford is attached hereto as Exhibit A.

ANSWER:  Defendant only admits that it issued a first party property policy of insurance, No. GW0000253, to its insured Michael Aufrecht, et al., with a policy period of February 3, 2003 to February 3, 2004, subject to its terms, conditions, limitations and exclusions ("The Policy"). To the extent that the allegations contained in Paragraph 5 of Plaintiff's Complaint vary or contradict the terms of the Policy, Hartford denies the same. Defendant denies the remaining allegations of Paragraph 5.

6. On March 18, 2003, Defendant Hartford issued a specialty property policy (hereinafter referred to as "the Policy") to "Michael Aufrecht, et al" bearing the number GW0000253. A true and accurate copy of the Policy is attached hereto as Exhibit B.

ANSWER:  Defendant only admits that it issued a first party property policy of insurance, No. GW0000253, to its insured Michael Aufrecht, et al., with a

>  policy period of February 3, 2003 to February 3, 2004, subject to its terms, conditions, limitations and exclusions ("The Policy"). To the extent that the allegations contained in Paragraph 6 of Plaintiff's Complaint vary or contradict the terms of the Policy, Hartford denies the same. Defendant denies the remaining allegations of Paragraph 6.

7. The policy identified in paragraph 7 above, includes a "Property Form" which defines the "insured" as follows:

"Michael Aufrecht, etal [sic] and any subsidiary, associated or affiliated company, corporation, firm, organization, partnership, joint venture or individual as exists now or is hereafter constituted or acquired, and any other party or interest that is required by contract or other agreement to be named, hereafter referred to at the ("Insured").

\*   \*   \*

**ANSWER:** **Defendant admits that Plaintiff has accurately quoted the aforementioned provision of the Policy contained in Paragraph 7.**

8. The Policy's "Property Form" (Ex. A) also incorporates a list captioned "Named Insured and Location Address," which includes: "Restoration Specialists, L.L.C., 713 West Wrightwood, Chicago IL 60613".

**ANSWER:** **Defendant denies the allegations contained in paragraph 8.**

9. The Policy provides in pertinent part:

>  7. COVERAGE
>
>  \*   \*   \*
>
>  B. <u>Business Interruption</u>
>
>  > (1) Loss resulting from necessary interruption of business conducted by the Insured and caused by loss, damage, or destruction by any of the perils covered herein during the term of this policy to real and personal property as described in Clause 7A.
>  >
>  > (2) If such loss occurs during the term of this policy, it shall be adjusted on the basis of the ACTUAL LOSS SUSTAINED by the Insured, consisting of the net profit which is thereby prevented from being earned and of all charges and expenses, including

ordinary payroll, only to the extent that these must necessarily continue during the interruption of business and only to the extent to which such charges and expenses would have been earned had no loss occurred.

\* \* \*

C. Extra Expense

(1) Extra expense incurred resulting from loss or damage to property by any of the perils covered herein during the term of this policy.

(2) "Extra expense" means the excess of the total cost during the period of restoration of the damaged property chargeable to the operation of the Insured's business over and above the total cost that would normally have been incurred to conduct the business during the same period had no loss or damage occurred.

D. Rental Value/Rental Income

(1) Rental value loss sustained by the Insured resulting directly from the necessary untenability caused by loss, damage, or destruction by any of the perils covered herein during the term of this policy to real or personal property as described in Clause 7A, but not exceeding the reduction in rental value less charges and expenses which do not necessarily continue during the period of untenability.

\* \* \*

E. Provisions Applicable to Business Interruption, Extra Expense, and Rental Values Coverages

(1) Period of Recovery: The length of time for which loss may be claimed

(a) Shall not exceed such length of time as would be required with the exercise of due diligence and dispatch to rebuild, repair or replace such part of the property as has been damaged or destroyed.

\* \* \*

(5) Interruption by Civil or Military Authority: This policy is extended to cover for a period not to exceed thirty (30) consecutive

days the loss sustained during the period of time, when, as a direct result of a peril insured against, access to real or personal property is prohibited by order of civil or military authority. Physical damage must occur within 2.5 miles of the Insured's premises.

(6) Ingress/Egress: This policy is extended to cover for a period not to exceed thirty (30) consecutive days the loss sustained during the period of time, when as a direct result of a peril insured against, ingress to or egress from an insured premises is thereby prevented. Physical damage must occur within 2.5 miles of the Insured's premises.

\* \* \*

8. **PERILS INSURED AGAINST**

    This policy insures against risks of direct physical loss of or damage to property described herein including general average, salvage, and all other charges on shipments covered hereunder, except as hereinafter excluded.

    \* \* \*

12. **OCCURRENCE DEFINED**

    The term "occurrence" as used herein shall be deemed to mean a loss or a series of losses or several losses which are attributable directly or indirectly to one cause or disaster or to one series of similar causes or disasters and all such losses shall be added together and the total amount of such losses shall be treated as one occurrence irrespective of the area under which such losses occur. An occurrence shall be limited to a period of 168 hours.

    \* \* \*

15. **DEBRIS REMOVAL**

    This policy covers the following expenses resulting form a peril insured against:

    A.  the cost of removal of debris of property covered hereunder;
    B.  the cost of removal of debris of property not insured hereunder from the premises of the Insured.

    \* \* \*

17. **DEMOLITION AND INCREASED COST OF CONSTRUCTION**

In the event of a covered physical loss or damage under this policy that causes the enforcement of any law or ordinance that is in force at the time and place of loss and that regulates the construction, repair or use of property this Company shall be liable for:

A. the cost of demolishing the undamaged property including the cost of clearing the site;
B. the proportion that the value of the undamaged part of the property bore to the value of the entire property prior to loss;
C. increased cost of repair or reconstruction of the damaged and undamaged property on the same or another site and limited to the costs that would have been incurred in order to comply with the minimum requirements of such law or ordinance regulating the repair or reconstruction of the damaged property on the same site. However, this Company shall not be liable for any increased cost of construction loss unless the damaged property is actually rebuilt or replaced
D. Any increase in the business interruption, extra expense, rental value and royalties loss arising out of the additional time required to comply with said law or ordinance.

\* \* \*

39. **PAYMENT OF LOSS**

All adjusted claims shall be due and payable no later than 30 days after presentation and acceptance of proofs of loss by this Company or its appointed representative.

**ANSWER:** **Defendant admits that Plaintiff has accurately quoted the aforementioned provisions of the Policy contained in Paragraph 9.**

### THE ACCIDENT AND TENDER OF THE "LOSS"

10. On or about June 29, 2003, the third floor back porch of an apartment building owned by Plaintiff located at 713 West Wrightwood in Chicago collapsed. This incident is hereinafter referred to as the "accident."

**ANSWER:** **Defendant states that on or about June 29, 2003, the third floor back porch of an apartment building located at 713 W. Wrightwood collapsed. Defendant denies all remaining allegations of Paragraph 10.**

11.  Following the accident that occurred at 713 W. Wrightwood, Plaintiff incurred losses in excess of $250,000.00 and timely reported these losses to Defendant Hartford.

**ANSWER:   Defendant denies the allegations contained in paragraph 11.**

12.  At all times relevant hereto, Plaintiff performed its duties under the Policy, including but not limited to: payment of premiums, filing a timely claim and proof of loss, and cooperating in the immediate investigation of its claims.

**ANSWER:   Defendant denies the allegations contained in paragraph 12.**

## HARTFORD'S DENIAL OF THE CLAIMED LOSS

13.  On September 1, 2004, Michael Schwartz, an insurance adjuster for Defendant Hartford sent Plaintiff a letter stating that the covered loss was $59,946.37. After deducting Plaintiffs $50,000.00 deductible, Defendant Hartford determined Plaintiff's net, covered loss to be $9,946.37.

**ANSWER:   Defendant states that prior to learning that Plaintiff did not have an insurance interest in the policy, Defendant determined that $59,946.37 worth of covered damages under the policy were incurred and Plaintiff was entitled to $9,946.37 in proceeds under the policy after the application of the applicable deductible. Defendant denies all remaining allegations of paragraph 13.**

14.  Plaintiff and his counsel contested Defendant Hartford's assessment of Plaintiffs damages, claiming that a substantially larger sum was due Plaintiff under the policy arising from the accident.

**ANSWER:   Defendant denies the allegations contained in paragraph 14.**

15.  On February 6, 2007, Defendant Hartford subsequently denied Plaintiff's claim in its entirety because "Mr. Aufrecht, the only named insured on the Policy has never possessed any ownership interest in the Premises." Defendant Hartford also demanded that Plaintiff return the

previously disbursed payment of $9,946.37. A true and accurate copy of the letter is attached hereto as Exhibit C.

**ANSWER:** **Defendant admits the allegations contained in Paragraph 15.**

16. On February 16, 2007, Plaintiff's counsel sent a letter to Defendant Hartford clarifying and affirming that Plaintiff's status as an insured under its policy. A true and accurate copy of that letter is attached hereto as Exhibit 1).

**ANSWER:** **Defendant states that it received the February 16, 2007, letter attached to Plaintiff's complaint. Defendant denies all remaining allegations of Paragraph 16.**

17. On March 1, 2007, Defendant Hartford confirmed its denial of Plaintiff's claim and its status as an insured. A true and accurate copy of the letter is attached hereto as Exhibit E.

**ANSWER:** **Defendant states that it sent the March 1, 2007 attached to Plaintiff's complaint. Defendant denies all remaining allegations of Paragraph 17.**

### COUNT I
(Declaratory Judgment)

18. Plaintiff incorporates and re-alleges the allegations contained in Paragraphs 1 to 17 as if fully alleged herein.

**ANSWER:** **Defendant repeats and re-alleges its answers to Paragraphs 1 through 17 of Plaintiff's Complaint as if fully set forth herein.**

19. Defendant Hartford has denied Plaintiffs claim on the purported basis that Plaintiff and/or the property where the accident occurred is not insured under its Policy.

**ANSWER:** **Defendant states that it has denied Plaintiff's claim on the basis that it was not listed as an insured under the policy and was not otherwise insured by the policy. Defendant denies all remaining allegations contained in paragraph 19.**

20. Plaintiff maintains that it is a covered insured under Defendant Hartford's Policy.

**ANSWER:** **Defendant denies the allegations contained in paragraph 20.**

21. A real and justicable controversy exists between and among the parties regarding the status of Plaintiff as an insured under Hartford's policy, and regarding Hartford's liability for the loss arising from the accident that occurred at 713 W. Wrightwood.

**ANSWER:** **Defendant admits the allegations contained in Paragraph 21.**

WHEREFORE, as a result of the controversy regarding whether Plaintiff is insured under the Policy. Plaintiff requests that this Court declare as a matter of law that it is an insured covered under Defendant Hartford's Policy.

## COUNT II
(Breach of Contract)

22. Plaintiff incorporates and re-alleges the allegations contained in paragraphs 1 to 21 above, as if alleged fully herein.

**ANSWER:** **Defendant repeats and re-alleges its answers to Paragraphs 1 through 21 of Plaintiff's Complaint as if fully set forth herein.**

23. Defendant Hartford's conduct alleged herein constitutes a material breach of contract.

**ANSWER:** **Defendant denies the allegations contained in paragraph 23.**

24. Plaintiff has suffered significant damages from Defendant Hartford's breach of contract in failing to reimburse it for the losses associated with the accident.

**ANSWER:** **Defendant denies the allegations contained in paragraph 24.**

## COUNT III

25. Plaintiff incorporates and re-alleges the allegations contained in paragraphs 1 to 24 above, as if fully alleged herein.

**ANSWER:** **Defendant repeats and re-alleges its answers to Paragraphs 1 through 24 of Plaintiff's Complaint as if fully set forth herein.**

26. Defendant Hartford's conduct has been vexatious and unreasonable, in violation of 215 ILCS 5/155. Defendant Hartford's vexatious and unreasonable actions include, but are not limited to:

   a. Significantly limiting initially, by and improperly the amount of money it paid out to Plaintiff in response to its claim;

   b. Unreasonably delaying settlement of Plaintiff's claim;

   c. Claiming in bad faith that the Plaintiff is not covered by its Policy;

   d. Unreasonably and in bad faith demanding that Plaintiff repay monies previously disbursed to Plaintiff under the Policy;

   e. Compelling Plaintiff to sue it in order to recover monies owed under the Policy; and

   f. Offering defenses for its conduct that is not legitimate, or bona fide.

**ANSWER:　Defendant denies the allegations contained in paragraph 26 and each and every allegation in sub-paragraphs (a)-(f).**

WHEREFORE, Defendant, HARTFORD FIRE INSURANCE COMPANY, demands judgment in its favor and against RESTORATION SPECIALISTS, LLC and requests this Honorable Court enter an Order dismissing Plaintiff's Complaint with prejudice, and awarding HARTFORD FIRE INSURANCE COMPANY its attorneys' fees, costs and such other relief as this Court deems just and proper.

### AFFIRMATIVE DEFENSES

NOW COMES, Defendant HARTFORD FIRE INSURANCE COMPANY, by its attorneys FISHER KANARIS, P.C., and for its Affirmative Defenses to Plaintiff's Complaint at Law, states as follows:

## FIRST AFFIRMATIVE DEFENSE

As its first separate and distinctive Affirmative Defense to Plaintiff's claim, HARTFORD FIRE INSURANCE COMPANY asserts that the complaint and the purported causes of action contained therein fails to state a cause of action against HARTFORD FIRE INSURANCE COMPANY.

## SECOND AFFIRMATIVE DEFENSE

1. The Policy provides, in relevant part, as follows:

   "Michael Aufrecht, etal and any subsidiary, associated or affiliated company, corporation, firm, organization, partnership, joint venture or individual as exists now or is hereafter constituted or acquired, and any other party or interest that is required by contract or other agreement to be named, hereafter referred to as the ("Insured")."

2. Michael Aufrecht did not at any time own the premises at 713 West Wrightwood Chicago, Illinois (hereinafter "the Premises").

3. On information and belief, Mr. Aufrecht was never under any contractual obligation to procure insurance for Plaintiff.

4. Hartford was never provided with a statement of values that identified Plaintiff has having any insurable interest in the Premises.

5. No one ever presented Hartford with a request to insure Plaintiff under the Policy.

6. Plaintiff was not listed as a named insured under the policy and was not otherwise insured by the policy. Therefore, Plaintiff did not have an insurable interest in the policy at the time of the loss.

7. As Plaintiff was not insured by the policy at the time of the loss, Plaintiff is not entitled to proceeds under the policy.

11

## THIRD AFFIRMATIVE DEFENSE

1. The Policy provides in relevant part as follows with respect to coverage for rental income:

   **7.   COVERAGE**

   Except as hereinafter excluded, this Policy covers:

   * * *

   D. Rental Value/Rental Income

   (1) Rental value loss sustained by the Insured resulting directly from the necessary untenability caused by loss, damage or destruction by any of the perils covered herein during the term of this policy to real or personal property as described in Clause 7A but not exceeding the reduction in value less charges and expenses which do not necessarily continue during the period of untenability.

2. The Policy provides as follows with respect to the period of recovery for rental income coverage.

   F. Provisions Applicable To Business Interruption, Extra Expense, And Rental Values Coverage

   (1) Period of Recovery: The length of time for which loss may be claimed

   (a) Shall not exceed such length of time as would be required with the exercise of due diligence and dispatch to rebuild, repair or replace such part of the property as has been damaged or destroyed.

3. On June 29, 2003, the third floor back porch of an apartment building owned by Plaintiff located at 713 West Wrightwood in Chicago collapsed (hereinafter "the June 29, 2003 Incident")

4. Under the terms of the Policy, Plaintiff's claim for rental income is limited to theoretical time needed to repair the physical loss or damage caused by the June 29, 2003

12

Incident without regard to any delays caused by political pressure or media scrutiny associated with the June 29, 2003 Incident.

5. To the extent Plaintiff is making claim for loss of rental income for a period beyond the theoretical time needed to repair the physical loss or damage caused by the June 29, 2003 Incident without regard to any delays caused by political pressure or media scrutiny associated with the June 29, 2003 Incident, its claim is limited by the aforemtioned provisions.

### FOURTH AFFIRMATIVE DEFENSE

1. The Policy provides in relevant part as follows:

> **17. DEMOLITION AND INCREASED COST OF CONSTRUCTION**
>
> In the event of a covered physical loss or damage under this Policy that caused the enforcement of any law or ordinance that is in force at the time and place of loss and that regulates the construction, repair or use of Property, this Company shall be liable for:
>
> \* \* \*
>
> C. increased cost of repair or reconstruction of the damaged and undamaged property on the same or another site and limited to the costs that would have been incurred in order to comply with the minimum requirements of such law or ordinance regulating the repair or reconstruction of the damaged property on the same site. However, this Company shall not be liable for any increased cost of construction loss unless the damages property is actually rebuilt or replaced.

2. To the extent Plaintiff is making claim for the cost of code upgrades required by the City of Chicago to portions of the building which incurred no physical loss or damage as a result of the June 29, 2003 Incident, its claim is limited by the above quoted provisions of the Policy.

### FIFTH AFFIRMATIVE DEFENSE

1. The Policy provides in relevant part as follows:

13

33. **LOSS ADJUSTMENT EXPENSES**

This Policy is extended to include expenses incurred by the Insured or by the Insured's representatives for preparing and certifying details of a claim resulting from a loss which would be payable under this policy. However, this Company shall not be liable under this clause for expenses incurred by the Insured in utilizing the services of a public adjuster.

2. Plaintiff has submitted a claim for its legal fees related to the June 29, 2003 Incident.

3. Plaintiff's claim for legal fees is barred by the above quoted provision.

WHEREFORE, HARTFORD FIRE INSURANCE CO. prays for judgment in its favor and against Plaintiff dismissing its Complaint for Declaratory Judgment with prejudice and for such other relief that this court deems just and appropriate.

Respectfully submitted,

HARTFORD FIRE INSURANCE COMPANY

By: /s/ David E. Heiss
     One of its Attorneys

Peter E. Kanaris
David E. Heiss
Michael A. Wax
FISHER KANARIS, P.C.
200 South Wacker Drive, Suite 2200
Chicago, Illinois 60606
Attorney No. 40798
Tel.:   (312) 474-1400
Fax:   (312) 474-1410
E-Mail:   pkanaris@fisherkanaris.com
dheiss@fisherkanaris.com
mwax@fisherkanaris.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2008, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Laurie M. Burgess
Katz, Friedman, Eagle,
Eisenstein, Johnson & Bareck, P.C.
77 W. Washington St.
Suite 2000
Chicago, IL 60602
(312) 263-6330

/s/ David E. Heiss
Peter E. Kanaris
David E. Heiss
Michael A. Wax
FISHER KANARIS, P.C.
200 South Wacker Drive, Suite 2200
Chicago, Illinois 60606
Tel.:   (312) 474-1400
Fax:   (312) 474-1410
E-Mail:  pkanaris@fisherkanaris.com
dheiss@fisherkanaris.com
mwax@fisherkanaris.com