THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RESTORATION SPECIALISTS, LLC,

    Plaintiff,

v.

HARTFORD FIRE INSURANCE COMPANY,

    Defendant.

Judge Dow
Magistrate Judge Ashman
Case No. 08-cv-644

**MOTION TO STRIKE**
**DEFENDANT'S AFFIRMATIVE DEFENSES**

    Pursuant to Fed. R. Civ. P. 12(f), Plaintiff moves to strike Defendant's affirmative defenses in their entirety, stating the following in support, as explained in greater detail in Plaintiff's supporting memorandum of law:

    1.    On February 27, 2008, Defendant filed its answer to the complaint, appending five separate affirmative defenses. The first affirmative defense asserts that the complaint "fails to state a cause of action" against Defendant. The second affirmative defense states that Plaintiff had no insurable interest in the property policy of insurance at issue in this matter (the "Policy") and is thus not entitled to proceeds under the policy. The remaining affirmative defenses each cite the Policy and assert that the cited portion requires denial of some aspect of Plaintiff's claim.

    2.    None of Defendant's affirmative defenses is proper, and all should be struck.

    3.    Defendant's first affirmative defense simply sets forth a conclusory statement of the standard for a motion to dismiss under Rule 12(b)(6) and does not set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." The first affirmative defense does not satisfy the requirements of Rule 8(a) and must be struck.

4. Defendant's second through fifth affirmative defenses are not proper affirmative defenses. Rather than giving color to Plaintiff's claim that Plaintiff was insured under an insurance policy issued by Defendant and alleging some other, affirmative reason why it is not liable, Defendant instead simply controverts Plaintiff's allegations that the policy insures Plaintiff's losses, effectively restating the denials already contained in its answer. They are therefore not proper affirmative defenses and must also be struck.

5. Because all of Defendant's affirmative defenses are defective, they must be struck from Defendant's answer in their entirety.

*For all the foregoing reasons*, Plaintiff respectfully requests that this Court strike Defendant's affirmative defenses in their entirety.

                                                                        Respectfully submitted,

                                                                         s/ David Huffman-Gottschling
                                                                         One of Plaintiff's attorneys

Laurie Burgess
David Huffman-Gottschling
Jacobs, Burns, Orlove, Stanton and Hernandez
122 S. Michigan Ave., Ste. 1720
Chicago, Illinois 60603
(312) 372-1646

CERTIFICATE OF SERVICE

    I, David Huffman-Gottschling, an attorney, certify that I caused the foregoing document to be served electronically upon the following person by filing it using the ECF system on March 18, 2008:

>Michael A. Wax
>Fisher Kanaris, P.C.
>200 S. Wacker Dr., Ste. 2200
>Chicago, Illinois 60606

                                        s/ David Huffman-Gottschling
                                          David Huffman-Gottschling