THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RESTORATION SPECIALISTS, LLC,

        Plaintiff,

v.

HARTFORD FIRE INSURANCE COMPANY,

        Defendant.

Judge Dow
Magistrate Judge Ashman
Case No. 08-cv-644

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE

Plaintiff submits the following Memorandum of Law in support of its Motion to Strike Defendant's Affirmative Defenses.

Defendant pleads five affirmative defenses in its Answer, each of which Plaintiff moves to strike. An affirmative defense challenged in a motion to strike must meet a three-part test: "(1) The matter must be properly pleaded as an affirmative defense; (2) the matter must be adequately pleaded under the requirements of Rules 8 and 9; and (3) the matter must withstand a Rule 12(b)6 challenge — that is, if the defendant could prove no set of facts in support of the affirmative defense that would defeat the complaint, the defense must be stricken as legally inadequate." *Surface Sheilds, Inc. v. Poly-Tak Protection Sys., Inc.*, 213 F.R.D. 307, 308 (N.D. Ill. 2003), citing *Renalds v. S.R.G. Restaurant Group*, 199 F. Supp. 2d 880 (N.D. Ill. 2000). In the present case, Defendant's first affirmative defense fails part (2) of this test, as it does not meet the pleading standard set forth in Rule 8(a). Defendant's remaining affirmative defenses fail part (1) of this test, as they are not properly pleaded as affirmative defenses. They should therefore all be struck. *Surface Shields*, 213 F.R.D. at 308 (striking affirmative defenses failing to meet three-part test); *Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734, 736-37 (N.D. Ill. 1982) (striking deficient affirmative defenses).

### I. Defendant's First Affirmative Defense Fails Under Rule 8(a).

Defendant's first affirmative defense must be struck for its failure to meet the pleading requirements of Rule 8(a). Defendant simply asserts in its first defense that "the complaint and the purported causes of action therein fails [*sic*] to state a cause of action against HARTFORD FIRE INSURANCE COMPANY." But this "is nothing more than a recitation of the standard for a mo-

tion to dismiss under Rule 12(b)(6). As alleged, the defense provides no explanation as to how and in what portion of the complaint [Plaintiff] has failed to state a claim," and it therefore must be struck for failing to comply with Rule 8(a). *Reis Robotics USA, Inc. v. Concept Indus., Inc.*, 462 F. Supp. 2d 897, 905 (N.D. Ill. 2006) (striking conclusory affirmative defense alleging merely, "The complaint fails to state a claim upon which relief can be granted"), citing *Renalds v. S.R.G. Restaurant Group*, 199 F. Supp. 2d 880 (N.D. Ill. 2000) and *Codest Eng'g v. Hyatt Int'l Corp.*, 954 F. Supp. 1224 (N.D. Ill. 1996). *See also Heller Fin'l, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1295 (7th Cir. 1989) (affirming district court's striking of affirmative defenses containing "nothing but bare bones conclusory allegations"); *Surface Shields,* 213 F.R.D. at 308 (N.D. Ill. 2003); *Flasza v. TNT Holland Motor Exp., Inc.*, 155 F.R.D. 612, 614 (N.D. Ill. 1994) (both striking conclusory affirmative defenses simply reciting Rule 12(b)(6) standard). Because Defendant's First Affirmative Defense fails to meet the requirements of Fed. R. Civ. P. 8(a), it must be struck.

## II. Defendant's Second Through Fifth Affirmative Defenses Are Not Proper Affirmative Defenses.

Defendant's remaining affirmative defenses also must be struck because they are not proper affirmative defenses. Each directly challenges the sufficiency of Plaintiff's complaint rather than admitting the complaint's allegations and pointing to some other, "affirmative" reason why Defendant is not liable, and thus they are not really affirmative defenses at all. *Instituto Nacional de Comercialicion Agricola (Indeca) v. Continental Ill. Nat'l Bank and Trust Co.*, 576 F. Supp. 985 (N.D. Ill. 1983) ("the basic concept of an affirmative defense is an *admission* of the facts alleged in the complaint, coupled with the assertion of some other reason defendant is not liable"), emphasis original. Defendant's second affirmative defense recites facts it claims demonstrate that Plaintiff was not insured by the Policy at the time of the loss. Similarly, Defendant's third through fifth affirmative defenses each cite a section of the Policy and assert that the cited section bars or limits Plaintiff's recovery. Specifically, the third defense cites limits on the length of time for which loss of rental value may be claimed; the fourth cites limits on coverage for repair or reconstruction of damaged property; and the fifth cites the Policy's "Loss Adjustment Expenses" provision in support of its assertion that the Policy bars Plaintiff's claim for legal fees. Because none of these defenses is anything more than a purported refutation of Plaintiff's claims that it is insured under the Policy and entitled to damages for Defendant's breach, none of them is "properly pleaded as an affirmative defense." *Surface Sheilds,* 213 F.R.D. at 308.

Rule 8(c) requires a party to "set forth affirmative accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense." Fed. R. Civ. P. 8(c). While Defendant's affirmative defenses two through five obviously do not fall among the affirmative defenses specifically set forth in the Rule, neither are they encompassed by the Rule's catch-all provision, "any other matter constituting an avoidance or affirmative defense." The Seventh Circuit has taken at least two approaches in diversity cases for determining whether a defense falls within the catch-all provision. One is to apply state law governing burdens of proof, and the other is to characterize as "affirmative" only those defenses that do not controvert the Plaintiff's proof. *Brunswick Leasing Corp. v. Wisconsin Cent., Ltd.*, 136 F.3d 521, 530 (7th Cir. 1998), citing 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1271 (2d ed. 1987) (holding that argument that plaintiff, as only one of multiple undisclosed principals, was barred from suing to enforce contract made by its agent was not affirmative defense). In contract actions these standards are effectively the same: under Illinois law a defense to a contract action is "affirmative" if it impliedly admits the sufficiency of the underlying contract but offers an excuse for the defendant's failure to perform, such as the plaintiff's own failure to deliver the promised consideration; a defense that does not give color to plaintiff's claim but rather attacks the sufficiency of the claim, such as a contention that no contract was ever formed, is not an affirmative defense. *Worner Agency, Inc. v. Doyle*, 121 Ill. App. 3d 219, 222-23, 459 N.E.2d 633, 635-36 (4th Dist. 1984) ("the admission of the apparent right is inferable from the affirmative defense"). An affirmative defense "requires a responding party to *admit* a complaint's allegations but then permits the responding party to assert that for some legal reason it is nonetheless excused from liability (or perhaps from full liability)." *Reis Robotics*, 462 F. Supp. 2d at 906, citing *Menchaca v. American Med. Response of Ill.*, 6 F. Supp. 2d 971, 972 (N.D. Ill. 1998) (emphasis in original).

In the present case, each of Defendant's second through fifth affirmative defenses controverts the Plaintiff's proof and attacks the sufficiency of Plaintiff's claim. Rather than giving color to Plaintiff's claim that Plaintiff was insured under the Policy and alleging some other, affirmative reason why it is not liable, Defendant instead simply controverts Plaintiff's allegations that the Policy insures Plaintiff's losses, effectively restating the denials already contained in its answer. *Reis Robotics*, 462 F. Supp. 2d at 906 (striking affirmative defense that claim for payment under contract was

barred on account of plaintiff's failure to authorize defendant to begin manufacture of disputed goods). Defendant's affirmative defenses two through five are not proper affirmative defenses within the meaning of Rule 8(c) and must be struck.

## CONCLUSION

For all of the foregoing reasons each of Defendant's five affirmative defenses is insufficient as a matter of law and must be struck. Plaintiff therefore respectfully requests that this Court grant its motion to strike Defendant's affirmative defenses in their entirety.

Respectfully submitted,

  s/ David Huffman-Gottschling
One of Plaintiff's attorneys

Laurie Burgess
David Huffman-Gottschling
Jacobs, Burns, Orlove, Stanton and Hernandez
122 S. Michigan Ave., Ste. 1720
Chicago, Illinois 60603
(312) 372-1646

### CERTIFICATE OF SERVICE

I, David Huffman-Gottschling, an attorney, certify that I caused the foregoing document to be served electronically upon the following person by filing it using the ECF system on March 18, 2008:

Michael A. Wax
Fisher Kanaris, P.C.
200 S. Wacker Dr., Ste. 2200
Chicago, Illinois 60606

  s/ David Huffman-Gottschling
David Huffman-Gottschling

4