THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RESTORATION SPECIALISTS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>HARTFORD FIRE INSURANCE COMPANY,<br><br>    Defendant. | Judge Dow<br>Magistrate Judge Ashman<br>Case No. 08-cv-644 |

## INITIAL STATUS REPORT

Pursuant to Fed. R. Civ. P. 16(b) and this Court's Standing Order Requiring Initial Status Report for Cases Filed on or After 12/1/07, the parties submit the following initial status report:

A. **Attorneys of Record**

For Plaintiff:    Laurie Burgess and David Huffman-Gottschling
             Jacobs, Burns, Orlove, Stanton and Hernandez
             122 S. Michigan Ave., Ste. 1720
             Chicago, Illinois 60603

             Laurie Burgess will be the lead attorney trying the case for Plaintiff.

For Defendant:   Peter Kanaris, David Heiss, and Michael Wax
             Fisher Kanaris, P.C.
             200 S. Wacker Dr., Ste. 2200
             Chicago, Illinois 60603

             Peter Kanaris will be the lead attorney trying the case for Defendant.

B. **Basis for Federal Jurisdiction**

    Jurisdiction is premised upon diversity of citizenship, pursuant to 28 U.S.C. § 1332.

C. Nature of the Claims Asserted

This is an action for declaratory judgment and breach of contract. Plaintiff (a) seeks a declaration by this Court that Plaintiff is insured under an insurance policy issued by Defendant (the "Policy"), (b) alleges that Defendant breached its obligations under the Policy by refusing to reimburse Plaintiff's expenses arising from an occurrence the Plaintiff alleges is covered under the Policy, and (c) seeks fees and penalties for what it alleges was unreasonable and vexatious conduct by Defendant pursuant to Section 155 of the Illinois Insurance Code.

Defendant has not asserted any counterclaims.

D. Name of Any Party Not Served

None.

E. Principal Legal Issues

1. Whether Plaintiff is an insured under the Policy.
2. Whether a contract of insurance exists between Defendant and Plaintiff.
3. Whether Defendant breached any contract that exists between it and Plaintiff.
4. Whether Defendant engaged in conduct that is "vexatious and unreasonable" within the meaning of 215 ILCS 5/155.
5. What damages, if any, Plaintiff is entitled to under the terms of the Policy.
6. Whether Plaintiff satisfied all conditions in the Policy for payment of Plaintiff's claim.

F. Principal Factual Issues

1. Whether the Policy incorporated a list of named insureds that included the Plaintiff.
2. Whether the Policy incorporated a list of insured properties that included 713 W. Wrightwood, Chicago, Illinois.
3. Whether the Plaintiff incurred losses and, if so, the amount thereof.
4. Whether the Plaintiff timely reported any losses to Defendant.
5. Whether the Plaintiff contested Defendant's assessment of covered damages under the Policy.
6. Whether Defendant engaged in conduct that is "vexatious and unreasonable" within the meaning of 215 ILCS 5/155.
7. Whether, if Defendant is found to have breached a contract with Plaintiff, Plaintiff has incurred damages.
8. Whether Plaintiff satisfied all conditions in the Policy for payment of Plaintiff's claim.

G.  Whether Jury Trial Demanded by Either Party

Neither party has demanded a jury trial.

H.  Brief Description of Discovery Taken and Anticipated; Suggested Deadlines.

No discovery has yet been taken. The parties anticipate discovery on each of the factual issues described above, including both fact and expert discovery.

Defendant proposes the following discovery schedule:

1. Exchange of Rule 26(a)(1) disclosures: April 16, 2008
2. Completion of fact discovery: September 22, 2008
3. Disclosure of Plaintiff's experts: October 6, 2008
4. Disclosure of Defendant's experts: October 20, 2008
5. Completion of expert discovery: January 19, 2008
6. Filing of dispositive motions: February 20, 2008

Plaintiff proposes to bifurcate this matter into two phases. Phase I would address Count I of the Complaint, Plaintiff's declaratory judgment action seeking to resolve solely the issue of whether Plaintiff is an insured covered under Defendant's Policy. Phase II would address Counts II and III, Plaintiff's claims for damages for breach of contract and for fees and penalties under the Illinois Insurance Code.

Plaintiff proposes the following discovery deadlines for phase I:

1. Exchange of Rule 26(a)(1) disclosures: April 16, 2008
2. Completion of all discovery: June 24, 2008 (90 days)
3. The parties do not anticipate retaining experts in connection with phase I.
4. Filing of dispositive motions: July 15, 2008

I.  Earliest Date Parties Would Be Ready for Trial; Estimated Length.

Were the Court to adopt Defendant's proposed discovery schedule, the parties anticipate that the earliest they would be ready for trial would be April 6, 2009. The parties estimate the length of trial at two to three days.

Were the Court were to adopt Plaintiff's proposal to bifurcate discovery, the parties anticipate that Phase I would be decided on summary judgment and that they would not be prepared for trial until the conclusion of Phase II.

J.  **Whether Parties Consent to Proceed Before Magistrate.**

The parties do not at this time consent to proceed before the Magistrate.

K.  **Status of Settlement Discussions.**

The parties have not engaged in substantive settlement discussions.

L.  **Whether Settlement Conference Requested.**

The parties do not request a settlement conference at this time.

Respectfully submitted,

| RESTORATION SPECIALISTS, LLC | HARTFORD FIRE INSURANCE COMPANY |
|---|---|
| By: __s/ David Huffman-Gottschling__<br>One of its attorneys | By: __s/ Michael Wax, with consent__<br>One of its attorneys |
| David Huffman-Gottschling<br>ARDC No. 6269976<br>Jacobs, Burns, Orlove, Stanton and Hernandez<br>122 S. Michigan Ave., Ste. 1720<br>Chicago, Illinois 60603<br>(312) 372-1646 | Michael Wax<br>ARDC No. 6278669<br>Fisher Kanaris, P.C.<br>200 S. Wacker Dr., Ste. 2200<br>Chicago, Illinois 60606<br>(312) 474-1400 |

4

CERTIFICATE OF SERVICE

  I, David Huffman-Gottschling, an attorney, certify that I caused a copy of the foregoing Initial Joint Status Report to be served electronically upon the following person by filing it using the ECF system on March 19, 2008:

>Michael Wax
>Fisher Kanaris, P.C.
>200 S. Wacker Dr., Ste. 2200
>Chicago, Illinois 60606

                s/ David Huffman-Gottschling
                David Huffman-Gottschling