IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RESTORATION SPECIALISTS, LLC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:08-cv-00644 |
| | ) | |
| HARTFORD FIRE INSURANCE | ) | |
| COMPANY, | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| Defendant. | ) | |

### HARTFORD'S RESPONSE IN OPPOSITION TO RESTORATION SPECIALISTS' MOTION TO STRIKE HARTFORD'S AFFIRMATIVE DEFENSES

Hartford Fire Insurance Company ("Hartford"), by its attorneys FISHER KANARIS, P.C, and for its Response in Opposition to Plaintiff Restoration Specialists LLC ("Restoration Specialists") Motion to Strike Hartford's Affirmative Defenses, states as follows:

### PREFATORY STATEMENT

In its Complaint, Plaintiff purports to allege a breach of contract action relating to its property insurance claim resulting from a June 29, 2003 porch collapse at 713 W. Wrightwood, Chicago, Illinois. Plaintiff's claim raises a host of coverage issues under the applicable policy of insurance not the least of which is whether Plaintiff is even an insured under the Policy. Nevertheless, Restoration Specialists has filed a motion – without any discernable support – contending that Hartford cannot assert any affirmative defenses to its Complaint. Indeed, Restoration Specialists' effectively takes the position

that Hartford can assert no coverage defenses to its claim. Strangely, Restoration Specialists claims that Hartford cannot rely upon any term, condition, limitation or exclusion contained in the applicable policy of insurance – the same policy of insurance upon which Plaintiff bases its complaint and despite the fact that Plaintiff **cites the same policy provisions in its own Complaint**. In setting forth its affirmative defenses, Hartford has put Restoration Specialists on notice as to what coverage defenses would defeats its claim. Thus, for obvious reasons, Restoration Specialists' motion must be denied.[1]

An affirmative defense limits or excuses a defendant's liability even if the plaintiff establishes a prima facie case. *Tober & Tober v. Graco Children's Products, Inc.*, 431 F.3d 572,579 (7th Cir. 2005). The basic concept of an affirmative defense is an admission of the facts alleged in the complaint, coupled with an assertion of some other reason Defendant is not liable. *The Board of Governors of Wayne State University v. Bajkowski*, 1987 U.S. Dist. Lexis 5626, *3-4 (N.D. Ill. 1987). Federal Rule 8(c) requires a party to "set forth affirmative accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality injury by fellow servant, laches, license, payment, release, res judicata, statute of limitations, waiver, **and any other matter constituting an avoidance or affirmative defense**. Fed. R. Civ. P. 8(c). (emphasis added). Thus, pursuant to Rule 8(c), Harford must plead any coverage defenses which would relieve it from liability under the Policy or assist it in avoiding coverage at the risk of potential waiver. *Gwin v. Curry*, 161 F.R.D. 70, 71 (N.D. Ill. 1995). Furthermore, the pleader is

---

[1] Hartford will voluntarily withdraw its first affirmative defense. Hartford's response therefore is limited to affirmative defenses two through five.

usually given the benefit of the doubt when setting forth a purported affirmative defense. *The Board of Governors of Wayne State University v. Bajkowski*, 1987 U.S. Dist. Lexis 5626, *3-4 (N.D. Ill. 1987).

Although entitled as a motion to "strike," Restoration Specialists has essentially moved to dismiss all of Hartford's affirmative defenses as factually insufficient. In reality, to withstand Restoration Specialists' motion, Hartford need only allege the operative facts that set forth a claim for relief. *Cent. States Pension Fund v. O'Neill Bros. Transfer & Storage Co.*, 2008 U.S. Dist. Lexis 26499, * 3 (N.D.Ill. 2008). An examination of Hartford's answer and affirmative defenses (Rec. Doc. 10) establishes that Hartford has alleged operative facts that set forth defenses which if proven will defeat coverage. Consequently, Restoration Specialists' motion must be denied in its entirety.

## FACTUAL ALLEGATIONS

Hartford's affirmative defenses two-five are set forth in its answer to Restoration Specialists' complaint. Rec. Doc. 10, pp. 11-14. In each instances, Hartford has alleged a policy provision which, if the facts alleged are proven, will limit or eliminate any coverage under the policy at issue. As set forth below, each of the affirmative defenses contain provisions quoted directly from policy of insurance, No. GW0000253, to its insured Michael Aufrecht, et al., with a policy period of February 3, 2003 to February 3, 2004, subject to its terms, conditions, limitations and exclusions ("The Policy") (attached hereto as Exhibit A): second affirmative defense – Exhibit A, p.3; third affirmative defense – Exhibit A, pp. 6-8; fourth affirmative defense – Exhibit A, p. 20; and fifth affirmative defense – Exhibit A, p. 33. Each affirmative defense also sets forth

allegations which apprise Restoration Specialists of the defense asserted against as required by the Federal Rules. *Cent. States Pension Fund,* 2008 U.S. Dist. Lexis 26499 at * 3.

Plaintiff's Complaint contains the **same policy provisions** even though it is now asserting Hartford cannot aver same as affirmative defenses. For example, in paragraph 7 of the Complaint, Plaintiff cites to the same "insured" definition set forth in Hartford's Second Affirmative Defense. *See* Rec Doc 1-2; Rec. Doc. 10, pp. 11-12. Similarly, Plaintiff cites to the same coverage provisions in paragraph 9 of its Complaint that it wishes to strike from Hartford's Third, Fourth and Fifth Affirmative Defenses. *See* Rec Doc 1-2; Rec. Doc. 10, pp. 11-15. Thus, either Plaintiff believes it is somehow held to a different standard than Hartford under the Federal Rules or its argument is wholly in error. Either way its motion must be denied.

## ARGUMENT

### A.  On Matters Upon Which Hartford May Have The Burden Of Proof, Alleging Same As An Affirmative Defense Is Required By The Federal Rules

As noted above, an affirmative defense limits or excuses a defendant's liability even if the plaintiff establishes a prima facie case. *Tober & Tober,* 431 F.3d at 579. Thus, pursuant to Rule 8(c), Harford must plead any coverage defenses which could relieve it from liability under the Policy or assist it in avoiding coverage at the risk of potential waiver. *Gwin,* 161 F.R.D. at 71. Hartford has pled affirmative defenses which would relieve it from liability, in whole or in part, with respect to Plaintiff's claim. This Court may conclude that Hartford possess the burden of proof on these same issues. Thus, on its face Restoration Specialists' motion must be denied.

Plaintiff raises an additional argument concerning its assertion that Hartford has no ability to assert coverage defenses to its claim *i.e.,* this Court should look to state law for guidance. Rec. Doc. 13, p. 3 *citing Brunswick Leasing Corp. v. Wisconsin Cent. Ltd.*, 136 F.3d 521, 530 (7th Cir. 1998). Doing so however does not assist Plaintiff's position. Under the *Brunswick* approach, a defense is an affirmative defense if the defendant bears the burden of proof. *Id.* In *Perzy v. Intercargo Corp.*, this court acknowledged that under Illinois law, the burden rests with the insurer to show that it is free from doubt that an insured's claim falls within an exclusion from policy coverage. *Perzy v. Intercargo Cor.,* 827 F. Supp. 1365, 1368 (N.D. Ill. 1993). Furthermore, under Illinois law, arguments or defenses based upon provisions or exclusions contained within a policy of insurance have been recognized as "affirmative defenses," which the insurer has the duty and burden to plead. *Wahls v. Aetna Life Ins. Co.*, 122 Ill. App. 3d 309, 313; (Ill. App. Ct. 1983); *Raprager v. Allstate Insurance Company*, 183 Ill. App. 3d 847, 854 (Ill. App. Ct. 1989). The same has been recognized by Illinois Federal Courts as well. *See Buller v. Owner Operator Independent Driver Risk Retention Group,* 461 F. Supp. 2d 757, 765 (S.D. Ill. 2006). Thus, Hartford has properly pled affirmative defenses predicated upon policy defenses upon which it may possess the burden of proof.

Consequently, Restoration Specialists' motion is simply illogical on its face. It is effect claiming that Hartford has no ability to rely upon **any defenses** in the Policy it issued to Restoration Specialists. Taking Restoration Specialists' contention to its logical – or illogical – conclusion, Hartford could never under any circumstances assert any affirmative defense to Restoration Specialists' claim. Such a contention brands itself as absurd. There exists nothing "bulletproof" about Restoration Specialists' claim.

Hartford has properly asserted allegations and policy provisions where, if proven, will constitute a defense to coverage in whole or in part. Restoration Specialists' motion is simply illogical and must be denied.

### B. Hartford's Affirmative Defenses Two Through Five Are Properly Pled Under The Federal Rules

Restoration Specialists' arguments for dismissal of Hartford's Second, Third, Fourth and Fifth Affirmative Defenses are entirely without merit and must be denied. Plaintiff's Motion to Strike Hartford's Affirmative Defenses sites various sources of law pertaining to affirmative defenses and asserts that Hartford's Third, Fourth and Fifth Affirmative Defenses are not properly pled as affirmative defenses. However, Plaintiff's motion does not go beyond asserting the conclusory allegation that "none of these defenses is anything more than a purported refutation of Plaintiff's claims." Plaintiff's motion fails to demonstrate that Hartford's Affirmative defenses improper proper.

Contrary to Plaintiff's assertion, Hartford's Affirmative Defenses are proper as they do not "challenge the sufficiency of Plaintiff's complaint", but rather, each assumes the Plaintiff's prima facie case and alleges an affirmative matter which limits Plaintiff's potential recovery under the policy. Furthermore, Plaintiff's Affirmative Defenses are proper as Illinois law recognizes that affirmative defenses based upon the limitations or exclusions contained in an insurance policy are appropriate. *Wahls,* 122 Ill. App. 3d at 313; *Raprager,* 183 Ill. App. 3d at 854.

In order to allege a prima facie case of breach of the insurance contract against Hartford, Plaintiff must allege that the policy was a valid contract, that Plaintiff performed all contractual duties; that the insurer failed to meet its duty under the policy;

and that Plaintiff suffered damages as result of the Hartford's breach. *See In re: Michael Lyckberg v. Allstate*, 310 B.R. 881, 889 (N.D. Ill. 2004). Assuming Plaintiff's complaint alleges the elements for a prima facie case of breach of the insurance contract against Hartford, it does so without providing detail into Plaintiff's claim.[2] The policy defenses alleged in Plaintiff's Affirmative Defenses go beyond the allegations of Plaintiff's complaint, and allege that, assuming Plaintiff is able to prove its prima facie case of breach of the insurance contract, there are further policy provisions which limit Plaintiff's recovery.

In its second affirmative defense, Hartford alleges: (1) Restoration Specialists was never identified as an insured under the Policy; (2) Hartford was never presented with a request to name Restoration Specialists an insured; and (3) the named insured – Michael Aufrecht – never possessed any ownership interest in the property at issue. Rec. Doc. 10, pp. 11-12. If proven, Restoration Specialists does not fit within the definition of "insured" under the Policy thereby precluding coverage. Under Illinois law this is a permissible affirmative defense. *Wahls*, 122 Ill. App. 3d at 313; *Raprager*, 183 Ill. App. 3d at 854.

Similarly, in its third affirmative defense, Hartford addresses Plaintiff's potential recovery under the policy's loss of rental income provision. Hartford cites a policy provision which limits recovery for loss of rental income to "the length of time as would be required with the exercise of due diligence and dispatch to rebuild, repair or replace such part of the property as has been damaged or destroyed." Rec. Doc. 10, pp. 12-13. In

---

[2] *See* Rec. Doc 1-2. Plaintiff generally alleges that a contract was formed between Plaintiff and Defendant in paragraphs 5 through 8; Plaintiff alleges that a loss was incurred in excess of $250,000 in paragraphs 10 through 12, without providing detail into Plaintiff's damages or the policy provisions Plaintiff is claiming coverage under; Plaintiff generally states that it performed its duties under the policy in Paragraph 12; and Plaintiff states that the contract was breached by Defendant in paragraph 15.

so alleging, Hartford avers that should Plaintiff state a compensable claim for loss of rental income, any recovery Plaintiff is entitled to under the policy is limited by this policy provision. Such an affirmative defense is properly pled under Illinois law. *Wahls*, 122 Ill. App. 3d at 313; *Raprager*, 183 Ill. App. 3d at 854.

In its Fourth Affirmative Defense, Hartford addresses Plaintiff's potential recovery under a policy provision which provides coverage for any increase in expense related to "any law or ordinance that is in force at the time and place of loss and that regulates the construction, repair or use of Property." Rec. Doc. 10, p.13. Consequently, Hartford's Fourth Affirmative Defense alleges that, even if Plaintiff is entitled to coverage under the policy, Plaintiff's coverage for increase in expense related to law or ordinance is limited "to the costs that would have been incurred in order to comply with the minimum requirements of such law or ordinance." Asserting a coverage limitation as an affirmative defense is proper. *Wahls*, 122 Ill. App. 3d at 313; *Raprager*, 183 Ill. App. 3d at 854.

Finally, with its Fifth Affirmative Defense Hartford addresses a potential claim under the Loss Adjustment Expenses provision of the policy. This provision provides coverage for "preparing and certifying details of a claim resulting from a loss which would be payable under this policy." Rec. Doc. 10, p. 13. Thus, Hartford avers that even if Plaintiff is entitled to coverage under the policy and coverage under the Loss Adjustment Expenses Provision, Hartford's Fifth Affirmative Defense alleges that the policy's coverage is limited so as to not include coverage for attorney fees incurred during the loss adjustment process as limited by the Policy. This too is appropriate under Illinois law. *Wahls*, 122 Ill. App. 3d at 313; *Raprager*, 183 Ill. App. 3d at 854.

As noted herein, Hartford's affirmative defenses all concern matters which would permit Hartford to avoid liability under the Policy. The affirmative defenses do not attack the sufficiency of the Complaint but rather constitute an affirmative matter which Hartford may posses the burden of proving at trial. If this Court concludes that Restoration Specialists and not Hartford possess the burden of proving all of the issues raised by Hartford's affirmative defenses then Restoration Specialists' motion may raise another issue. Nevertheless, assuming such a result would be illogical for Hartford at this early stage of this litigation especially since Hartford could potentially be exposed to a waiver claim if the coverage defenses are not pled as affirmative defenses.

Stripped to the essentials, Restoration Specialists is asking this Court to conclude that Hartford can assert no affirmative defenses to its claim. Nevertheless, Restoration Specialists offers no credible support for its contention. Its counsel may have creatively packaged a "waiver" claim under the guise of a motion to strike but the anticipated result is no different. In its motion, Restoration Specialists has done nothing which could permit this Court to conclude that it possesses a "bulletproof" claim to which Hartford can assert no affirmative defense. Thus, Restoration Specialists' motion should be denied in its entirety.

### CONCLUSION

For the reasons stated herein, Hartford Fire Insurance Company respectfully requests this Honorable Court deny Restoration Specialists' Motion and grant any other relief this Court deems just an appropriate.

Respectfully submitted,

HARTFORD FIRE INSURANCE COMPANY

By:   /s/ David E. Heiss
      One of its Attorneys

Peter E. Kanaris
David E. Heiss
Michael A. Wax
FISHER KANARIS, P.C.
200 South Wacker Drive, Suite 2200
Chicago, Illinois 60606
Attorney No. 40798
Tel.:   (312) 474-1400
Fax:    (312) 474-1410
E-Mail: pkanaris@fisherkanaris.com
dheiss@fisherkanaris.com
mwax@fisherkanaris.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2008, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Stanley Eisenstein
Katz, Friedman, Eagle,
Eisenstein, Johnson & Bareck, P.C.
77 W. Washington St.
Suite 2000
Chicago, IL 60602
(312) 263-6330

/s/ David E. Heiss
Peter E. Kanaris
David E. Heiss
Michael A. Wax
FISHER KANARIS, P.C.
200 South Wacker Drive, Suite 2200
Chicago, Illinois 60606
Tel.:   (312) 474-1400
Fax:    (312) 474-1410
E-Mail: pkanaris@fisherkanaris.com
dheiss@fisherkanaris.com
mwax@fisherkanaris.com