THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RESTORATION SPECIALISTS, LLC,

          Plaintiff,

v.

HARTFORD FIRE INSURANCE COMPANY,

          Defendant.

Judge Dow
Magistrate Judge Ashman
Case No. 08-cv-644

**REPLY IN SUPPORT
OF PLAINTIFF'S MOTION TO STRIKE**

Now comes Plaintiff Restoration Specialists, by and through its attorneys Jacobs, Burns, Orlove, Stanton and Hernandez, and submits the following reply in support of its Motion to Strike Defendant's Affirmative Defenses.

Restoration Specialists withdraws its Motion to Strike with respect to Defendant's third, fourth, and fifth affirmative defenses. As Defendant withdrew its first affirmative defense after Restoration Specialists filed its motion, only the second remains at issue.

In its second affirmative defense, Defendant asserts that "(1) Restoration Specialists was never identified as an insured under the Policy; (2) Hartford was never presented with a request to name Restoration Specialists as an insured; and (3) the named insured — Michael Aufrecht — never possessed any ownership interest in the property at issue." (Def. Resp. at 7.) Accepting that an insurer bears the burden to plead and prove as an affirmative defense "that a loss otherwise covered falls within the scope of an exclusion in a policy," *Raprager v. Allstate Ins. Co.*, 183 Ill. App. 3d 847, 854, 539 N.E.2d 787, 791 (2d Dist. 1989), the three elements pled by Defendant do not describe a policy exclusion; they simply describe the fact — alleged by Plaintiffs in their Complaint — of the existence of an insurer-insured relationship between Defendant and Restoration Specialists, which is a fundamental predicate of Plaintiff's case. (Complaint ¶ 5-8, 12, 19-21, 23, 26.) Defendant's second affirmative defense does not accept these assertions as true and assert some other positive reason barring Restoration Specialists' recovery; it simply controverts this basic predicate of Restoration Specialists' case.

Despite Defendant's claim that "under Illinois law this" — *i.e.* the fact that a party does not fit within the definition of "insured" under the policy — "is a permissible affirmative defense," the cases it cites do not stand for that proposition, but rather for the more general proposition that a policy exclusion constitutes an affirmative defense. *Wahls v. Aetna Life Ins. Co.*, 122 Ill. App. 3d 309, 313, 461 N.E.2d 466, 470 (1st Dist. 1983) (holding that insurer failed to plead affirmative defense that death of plaintiff, admittedly an insured, was caused by disease or suicide rather than accident); *Raprager*, 183 Ill. App. 3d at 854 (reversing trial court's denial of motion of plaintiff, admittedly an insured, to strike affirmative defense). But Restoration Specialists' status as an insured under the policy does not raise a "policy exclusion" at all, except in the tautological sense in which the policy obviously excludes from coverage all individuals and entities who are not insureds under the policy, and Defendant's second affirmative defense is therefore not properly pled as an affirmative defense.

In short, Defendant's second affirmative defense, the sole remaining defense at issue, is not properly pled as an affirmative defense and must be struck. *Reis Robotics USA, Inc. v. Concept Indus., Inc.*, 462 F. Supp. 2d 897, 905 (N.D. Ill. 2006).

Respectfully submitted,

s/ David Huffman-Gottschling
One of Plaintiff's attorneys

Laurie Burgess
David Huffman-Gottschling
Jacobs, Burns, Orlove, Stanton and Hernandez
122 S. Michigan Ave., Ste. 1720
Chicago, Illinois 60603
(312) 372-1646

CERTIFICATE OF SERVICE

I, David Huffman-Gottschling, an attorney, certify that I caused the foregoing document to be served electronically upon the following person by filing it using the ECF system on April 16, 2008:

Michael A. Wax
Fisher Kanaris, P.C.
200 S. Wacker Dr., Ste. 2200
Chicago, Illinois 60606

s/ David Huffman-Gottschling
David Huffman-Gottschling