# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 644 | **DATE** | 5/2/2008 |
| **CASE TITLE** | Restoration Specialists LLC vs. Hartford Ins. Co. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, Plaintiff's motion to strike (DE 12) is granted with respect to Defendant's second affirmative defense, which according to the parties' briefing on this matter is the only affirmative defense still subject to dispute under Plaintiff's motion. Defendant's second affirmative defense is stricken without prejudice and Defendant is given leave of court to re-file a proper affirmative defense if it so chooses.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Before the Court is Plaintiff's motion to strike Defendant's affirmative defenses. Defendant asserted five affirmative defenses at the time it filed its answer to Plaintiff's Complaint for declaratory judgment. See DE 10. Plaintiff initially sought to strike all five of Defendant's affirmative defenses. Over the course of the briefing on Plaintiff's motion, Defendant withdrew its first affirmative defense (see DE 17 at 2) and Plaintiff withdrew its motion to strike with respect to affirmative defenses three, four, and five (see DE 20 at 1). All that remains for the Court to consider with respect to Plaintiff's motion is whether to strike Defendant's second affirmative defense.

In its Answer (DE 10), Defendant asserts, as its second affirmative defense, (1) that Plaintiff was never identified as an insured under the policy in question; (2) that Defendant was never presented with a request to name Plaintiff as an insured, and (3) that Plaintiff does not hold an insurable interest in the policy under the terms of the policy at the time of the alleged loss. Plaintiff seeks to strike this affirmative defense on the ground that it simply purports to refute Plaintiff's claim that it is entitled to coverage under the policy, rather than raising an appropriate affirmative defense.

Plaintiff Restoration Specialists, LLC asserts in its Complaint that it was a named insured under the policy issued by Defendant, citing to Paragraph 7 of the policy at issue and a Property Form which Plaintiff alleges was incorporated into the policy. See DE 1-2, Complaint ¶¶ 6-8. In its Answer, Defendant denies paragraph 8 in which Plaintiff alleges that the policy's "Property Form" "incorporates a list captioned 'Named Insured and Location Address' which includes: Restoration Specialists, L.L.C., 713 West Wrightwood, Chicago, IL 60613'." DE 10 ¶ 8. Defendant further asserts in its second affirmative defense that Plaintiff Restoration Specialist was never insured under the policy. See DE 10 at 11; see also Defendant's Response, DE 17 at 7.

The Court grants Plaintiff's motion to strike Defendant's second affirmative defense. Fed. R. Civ. P. 8(c)

## STATEMENT

requires that a party assert "any other matter constituting an avoidance or affirmative defense" or otherwise risk waiving that defense. The Court agrees that Defendant failed to properly plead an affirmative defense in this instance. An affirmative defense impliedly admits the allegations of the complaining party and states some other reason why the party asserting the affirmative defense nevertheless prevails. See *Menchaca v. Am. Med. Resp. of Ill.*, 6 F. Supp. 2d 971, 972 (N.D. Ill. 1998) (noting that the concept of an affirmative defense under Fed. R. Civ. P. 8(c) "requires a responding party to *admit* a complaint's allegations but then permits the responding party to assert that for some legal reason it is nonetheless excused from liability (or perhaps from full liability)." (emphasis in original).) Defendant's second affirmative defense does not meet this criteria, but instead is "merely a restatement of the denials contained in its answer," and thus not only is unnecessary, but actually improper. *Reis Robotics USA, Inc. v. Concept Industries, Inc.* 462 F. Supp. 2d 897, 906 (N.D. Ill. 2006); see also *Mechaca*, 6 F. Supp.2d at 972. Defendant's second affirmative defense fails to assume that the allegations in Plaintiff's complaint are true – i.e. that Plaintiff Restoration Specialist is a named insured with the right to claim a loss under the policy – and instead denies the factual allegations in the complaint by asserting the Plaintiff Restoration Specialist is not a named insured or is not otherwise covered under the terms of the policy. Defendant's reliance on Illinois law which requires that an insurer plead any policy exclusions (see *Wahls v. Aetna Life Ins, Co.,* 122 Ill. App. 3d 309, 313 (1st Dist. 1983); *Raprager v. Allstate Ins. Co.*, 183 Ill. App. 3d 847, 854 (2d Dist. 1989)) is inapposite here, because Defendant's second affirmative defense does not assert a policy exclusion which otherwise excuses Defendant from liability, but rather repeats the definition of "insured" under the policy already included in Plaintiff's allegations as the basis, in part, for coverage. However, to the extent Defendant intended to raise some affirmative matter here, the Court will give Defendant an opportunity to replead. Accordingly, the second affirmative defense is stricken without prejudice.

In sum, Plaintiff withdrew its motion with respect to Defendant's third, fourth, and fifth affirmative defenses. Accordingly, those affirmative defenses still stand. Defendant has withdrawn its first affirmative defense. Plaintiff's motion to strike Defendant's second affirmative defense is granted and that affirmative defense is stricken without prejudice. Defendant is given leave to plead a proper affirmative defense, if it so chooses.