THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RESTORATION SPECIALISTS, LLC,<br><br>               Plaintiff,<br><br>    v.<br><br>HARTFORD FIRE INSURANCE COMPANY,<br><br>               Defendant. | Judge Dow<br>Magistrate Judge Ashman<br>Case No. 08-cv-644 |

**MOTION FOR LEAVE TO WITHDRAW AS COUNSEL**

Pursuant to LR83.17, the undersigned moves for leave to withdraw his appearance and that of co-counsel M. Garrett Hohimer, stating the following in support:

1.    This matter was removed to this Court from the Circuit Court of Cook County, Illinois on January 30, 2008. When the case was filed in Circuit Court on December 5, 2007, Plaintiff's counsel Laurie M. Burgess filed her appearance with the Clerk of the Circuit Court. At the time, Ms. Burgess was a member of the firm Katz, Friedman, Eagle, Eisenstein, Johnson & Bareck, P.C. (Docket No. 1.)

2.    Ms. Burgess' appearance was transmitted to this Court with the Notice of Removal; however, from the time of the removal of this case in January until August 1, 2008, Ms. Burgess was a member of the firm Jacobs, Burns, Orlove, Stanton and Hernandez (the "Firm"). (Exh. A – Declaration of David Huffman-Gottschling, at ¶ 3.) Ms. Burgess' appearance was not updated with the Court to reflect her move to the Firm, as reflected on the docket, although her ECF profile has been updated so that official email notices are sent to her email account with the Firm: lburgess@jbosh.com.

3.  Since the removal of the case to this Court, M. Garrett Hohimer and the undersigned, David G. Huffman-Gottschling, both associates with the Firm, have filed additional appearances on behalf of Plaintiff. Mr. Hohimer filed his appearance on February 8, 2008; the undersigned filed his on March 3, 2008. (Exh. A – DHG Decl. at ¶ 1-2; Docket Nos. 8, 11.)

4.  Effective August 1, 2008, Ms. Burgess is no longer affiliated with the Firm. The Firm has advised Plaintiff of this fact, and he has instructed the Firm to transfer its file in this matter to Ms. Burgess. (Exh. A – DHG Decl. at ¶ 5.)

5.  Because Plaintiff has terminated its attorney-client relationship with the Firm in connection with this matter, the Firm seeks leave to withdraw the appearances of its associates Hohimer and Huffman-Gottschling.

FOR ALL THE FOREGOING REASONS, the undersigned respectfully requests leave to withdraw his appearance and that of his co-counsel M. Garrett Hohimer, and requests that Ms. Burgess' ECF profile be updated to reflect her current email address.

Respectfully submitted,

s/ David Huffman-Gottschling
One of Plaintiff's attorneys

David Huffman-Gottschling
Jacobs, Burns, Orlove, Stanton and Hernandez
122 S. Michigan Ave., Ste. 1720
Chicago, Illinois 60603
(312) 372-1646

## CERTIFICATE OF SERVICE

I, David Huffman-Gottschling, an attorney, certify that I caused the foregoing document to be served upon the following persons on August 6, 2008, in the manner indicated below:

| *By first-class mail:* | *By email and by ECF:* | *Electronically, by ECF:* |
|---|---|---|
| Restoration Specialists, LLC<br>c/o Philip Pappas, Member<br>3654 N. Lincoln Ave.<br>Chicago, IL 60613 | Laurie M. Burgess, Esq.<br>5537 S. Woodlawn Ave.<br>Chicago, IL 60637 | Michael A. Wax<br>Fisher Kanaris, P.C.<br>200 S. Wacker Dr., Ste. 2200<br>Chicago, Illinois 60606 |

              s/ David Huffman-Gottschling
              David Huffman-Gottschling

# EXHIBIT A

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RESTORATION SPECIALISTS, LLC,<br><br>                    Plaintiff,<br><br>    v.<br><br>HARTFORD FIRE INSURANCE COMPANY,<br><br>                    Defendant. | Judge Dow<br>Magistrate Judge Ashman<br>Case No. 08-cv-644 |

**DECLARATION OF DAVID HUFFMAN-GOTTSCHLING**

    I, David Huffman-Gottschling, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the following is true and correct.

    1.    I am an attorney, and I have since 2002 been an associate with the law firm of Jacobs, Burns, Orlove, Stanton and Hernandez (the "Firm"), which represents Plaintiff in this matter. I have first-hand knowledge of the facts set forth herein and am competent to testify as a witness if necessary.

    2.    I am personally familiar with M. Garrett Hohimer, who is an attorney and an associate with the Firm.

    3.    I am personally familiar with Laurie M. Burgess, who is an attorney. Ms. Burgess joined the Firm in January 2008. Effective August 1, 2008, she is no longer affiliated with the Firm.

    4.    I am personally familiar with Sherrie E. Voyles, who is an attorney and a partner in the Firm.

    5.    The Firm, through Sherrie Voyles, advised Plaintiff of Ms. Burgess' departure by letter dated August 1, 2008, a copy of which I have attached as Exhibit 1. Plaintiff re-

2

sponded in writing on August 6, 2008, terminating the Firm's representation in this matter and instructing the Firm to transfer its files to Ms. Burgess. I have attached a copy of Plaintiff's instructions as Exhibit 2.

Executed on August 6, 2008.

s/ David Huffman-Gottschling
David Huffman-Gottschling

# EXHIBIT A-1

**JACOBS, BURNS, ORLOVE, STANTON & HERNANDEZ**
122 SOUTH MICHIGAN AVENUE, SUITE 1720
CHICAGO, ILLINOIS 60603-6145
(312) 372-1646
FACSIMILE: (312) 580-7175
WWW.JBOSH.COM

SHERRIE E. VOYLES
(312) 327-3444
SVOYLES@JBOSH.COM

OF COUNSEL:
IAN J. ELFENBAUM
EDWARD R. GALE

JOSEPH M. JACOBS 1931-1995
ALBERT GORE 1956-1974
MARTIN J. BURNS 1960-1999
ROBERT S. BATES, JR. 1983-1996

August 1, 2008

Philip Pappas
Restoration Specialists, LLC.
3654 N. Lincoln Avenue
Chicago, IL 60613

Re:   Restorations Specialist LLC v. Hartford
      Fire Insurance Co.
      Case No. 08-C-644

Dear Mr. Pappas:

This is to advise you that as of August 1, 2008, Laurie Burgess is no longer employed by Jacobs, Burns, Orlove, Stanton & Hernandez. We know that you initially retained Laurie and she has been performing most of the work on the above matter. However, when Laurie brought your case to this law firm, you signed a retainer agreement with Jacobs, Burns, Orlove, Stanton & Hernandez and not with Laurie individually. Because you signed the retainer with the law firm, this law firm cannot now delegate responsibility for your case or a legal matter to a lawyer not within the firm.

Thus, if you wish to have Laurie continue to represent you, please sign the attached document terminating our attorney-client relationship and fax it to my attention at (312) 580-7175 or mail it to me. I would appreciate your immediate action, especially because the discovery cut-off is August 25, 2008 and there are many discovery matters to be taken care of and upcoming depositions to be taken. Once we receive the attached document signed by you, we will immediately transfer the file to Laurie. Thereafter, if you so desire, you can sign your own separate retainer agreement with Laurie, so that she may be able to represent you and continue representing you in your case.

JACOBS, BURNS, ORLOVE, STANTON & HERNANDEZ

Philip Pappas
August 1, 2008
Page Two

    I am also attaching the bill for services rendered through July 31, 2008. We would appreciate your prompt payment.

    If you have any questions regarding this letter or its attachments, please feel free to contact me. Thank you.

                                     Very truly yours,

                                     Sherrie E. Voyles

Enc.
c: Laurie M. Burgess

# EXHIBIT A-2



# CHICAGO APARTMENT PLACE, INC.

August 6, 2008

Sherrie E. Voyles
Jacobs, Burns, Orlove,
Stanton & Hernandez
122 S. Michigan Ave
Suite 1720
Chicago, IL 60603

                                      Re:    Restoration Specialist LLC v. Hartford
                                                     Fire Insurance Co.
                                                     Case No. 08-C-644

## REQUEST TO TERMINATE REPRESENTATION

Restoration Specialists LLC., herby terminates it's attorney-client relationship with Jacobs, Burns, Orlove, Stanton & Hernandez relating to Case No. 08-C-644 as of August 6, 2008. Prior to payment of any outstanding attorney's fees, we are requesting that they be reviewed and approved by Laurie Burgess. I request that our file in this matter be transferred to Laurie Burgess.

                                                   _____
                                                   By: Philip Pappas, on behalf of
                                                   Restoration Specialists, LLC.

                                                 _____
                                                                      Date