**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RESTORATION SPECIALISTS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| HARTFORD FIRE INSURANCE CO. and | ) | |
| NAPCO, LLC, | ) | |
| | ) | |
| Defendants. | ) | Case No. 08-CV-644 |
| | ) | |
| NAPCO, LLC, | ) | Hon. Robert M. Dow |
| | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL A. KOGEN, | ) | |
| individually and as an agent of | ) | |
| McHENRY INSURANCE SERVICES, INC., | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are motions to dismiss filed by third-party defendant Michael A. Kogen ("Kogen") [89] and by third-party defendant McHenry Insurance Services, Inc. ("McHenry"). Both motions seek to dismiss a third-party complaint filed against them by third party plaintiff NAPCO, LLC ("NAPCO"). For the reasons stated below, each motion [89, 91] is granted and in part and denied in part.

**Background**[1]

Few facts are needed to resolve the instant motions; accordingly the Court will keep this

---

[1] For purposes of Defendant's motion, the Court assumes as true all well-pleaded allegations set forth in the complaint. See, e.g., *Killingsworth v. HSBC Bank Nevada*, *N.A.*, 507 F. 3d 614, 618 (7th Cir. 2007). Unless otherwise specified, the source of all facts in this section is NAPCO's third-party complaint ("TPC") [69] and Restoration's Second Amended Complaint ("SAC") [71], which the TPC incorporates by reference.

1

section very brief.[2] This matter arises out of an insurance coverage dispute between Plaintiff Restoration Specialists, LLC ("Restoration") and its insurer, Hartford Fire Insurance Co. ("Hartford"), over Hartford's refusal to pay an insurance claim stemming from a porch collapse that occurred on June 29, 2003. The insurance policy at issue was procured from Defendant Hartford Fire Insurance Co. ("Hartford") with the assistance of Kogen, a licensed insurance agent working for McHenry, and NAPCO, an insurance broker. Restoration, through its Second Amended Complaint [71], seeks money damages from Hartford for unreasonable and vexatious delay in denying insurance benefits and seeks reformation of the Hartford policy to clarify that Restoration is an insured. On December 8, 2008, Restoration added NAPCO as a defendant. Restoration alleges that NAPCO, as its insurance broker, was negligent, breached its fiduciary duty, and breached its contract with Restoration in failing to ensure that the Hartford policy clearly listed Restoration as a named insured. On November 10, 2009, following a denial of its motion to dismiss, NAPCO answered Restoration's complaint and asserted affirmative defenses.

On March 1, 2010, NAPCO filed a two-count third-party complaint asserting claims against Kogen and McHenry [69]. NAPCO seeks contribution from Kogen and McHenry based upon alleged breaches of fiduciary duty to Restoration (Count I) and negligence (Count II) in, *inter alia*, failing to acquire insurance that clearly listed Restoration as an insured under the policy, failing to instruct NAPCO on how to structure the policy, failing to communicate with NAPCO on the particulars of the required policy, and failing to ensure that NAPCO made certain that Restoration was a named insured. It is to this complaint that the instant motions to dismiss are directed.

The two motions to dismiss raise two identical arguments, so the Court will address them

---

[2] For a longer discussion of the facts underlying this insurance coverage dispute, see the Court's order of September 29, 2009. *Restoration Specialists, LLC v. Hartford Fire Ins. Co.*, 2009 WL 3147481, *1-*2 (N.D. Ill. Sept. 29, 2009).

together. First, Kogen and McHenry argue that NAPCO's complaint is time barred by the two-year statute of limitations for actions against insurance providers found in 735 ILCS 5/13-214.4. Second, Kogen and McHenry argue that NAPCO's breach of fiduciary duty claim is barred by the Illinois Insurance Placement Liability Act ("IIPLA"), 735 ILCS 5/2-2201(b).

## II. Legal Standard for Rule 12(b)(6) Motions to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. See *Gibson v. City of Chicago*, 910 F. 2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F. 3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555, 569 n. 14). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 562. The Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. See *Barnes v. Briley*, 420 F. 3d 673, 677 (7th Cir. 2005).

## III. Analysis

### A. Statute of Limitations

Kogen and McHenry argue that NAPCO's complaint is time barred by the two-year statute of limitations for actions against insurance providers found in 735 ILCS 5/13-214.4.

NAPCO responds (in part) that its claims are timely because they are governed instead by the statute of limitations for actions for contribution and indemnity, 735 ILCS 5/13-204. The Court must therefore decide which statute of limitations applies to NAPCO's claims.[3]

Actions against insurance producers, limited insurance representatives, and registered insurance firms are governed by 735 ILCS 5/13-214.4, which provides:

> All causes of action brought by any person or entity under any statute or any legal or equitable theory against an insurance producer, registered firm, or limited insurance representative concerning the sale, placement, procurement, renewal, cancellation of, or failure to procure any policy of insurance shall be brought within 2 years of the date the cause of action accrues.

Section 13-214.4 is "unequivocal and subject to only one reasonable interpretation," that "*all* causes of action brought by *any* person or entity under *any* theory against an insurance producer shall be brought within two years of the date the cause of action accrues." *Indiana Ins. Co. v. Machon & Machon, Inc.*, 753 N.E. 2d 442, 446 (Ill. App. 1st Dist. 2001) (emphasis in original). There is no dispute that Kogen and McHenry are both "insurance producers." The Illinois Insurance Code defines an "insurance producer" as "a person required to be licensed under the laws of this State to sell, solicit, or negotiate insurance." 215 ILCS 5/500-10; see also *Perkin Life Ins. Co. v. Schmid Family Irrevocable Trust*, 834 N.E. 2d 531, 535-36 (Ill. App. Ct. 1st Dist. 2005). NAPCO alleges in its complaint that Kogen is a "licensed insurance broker" (TPC ¶ 4) and agent of insurance company McHenry (TPC ¶ 6). NAPCO admits that "[t]here is no question that Kogen, McHenry, and NAPCO are all insurance producers," (NAPCO Resp. [97] at 13 (citing SAC ¶¶ 1, 8)) and are being sued in their capacities as such.

---

[3] In general, an argument that a claim is barred by a statute of limitations is an affirmative defense that is not susceptible to disposition on a Rule 12(b)(6) motion to dismiss. However, the Court may properly consider Kogen and McHenry's statute of limitations defense because the "allegations of [NAPCO's] complaint itself set forth everything necessary" for the Court to determine whether it is timely or untimely. *Adonissamy v. Hewlett-Packard Co.*, 547 F. 3d 841, 847 (7th Cir. 2008) (quoting *United States v. Lewis*, 411 F. 3d 838, 842 (7th Cir. 2005)) see also *Owens v. City of Chicago*, 2009 WL 2778079, at *5 (N.D. Ill. Aug. 31, 2009).

McHenry and Kogen argue that under Section 13-214.4, the statute of limitations on NAPCO's claim expired, at the latest, on March 1, 2009—more than a year before NAPCO filed its complaint (and less than three months after NAPCO was served with Restoration's complaint). Under Illinois law, a claim stemming from the alleged negligence in or other failure to procure proper insurance accrues at the time the insurance company denies the claim, not at the time damages are sustained as a result of the denial of coverage. See, *e.g. State Farm Fire & Cas. Co. v. Rickhoff Sheet Metal Co.*, 914 N.E. 2d 577, 593 (Ill. App. 1st Dist. 2009) (citing *Indiana Ins.*, 753 N.E. 2d at 445); *Broadnax v. Morrow*, 762 N.E. 2d 1152, 1078-79 (Ill. App. 4th Dist. 2002); *Rickhoff*, 914 N.E. 2d at 594 (claims against insurance producer accrue at "the moment when coverage is denied"); *Commonwealth Ins. Co. v. Stone Container Corp.*, 323 F. 3d 507, 509 (7th Cir. 2003). Accordingly, McHenry argues that the latest the two-year statute of limitations could have begun to run if Section 13-214.4 applies was March 1, 2007, when Hartford confirmed the denial of Restoration's coverage claim.[4]

NAPCO argues that the accrual date of its claim is not controlled by Section 13-214.4, but is instead governed by 735 ILCS 5/13-204, which provides time limits for actions for contribution and indemnity. The statute provides in relevant parts:

> (a) In instances where no underlying action seeking recovery for injury to or death of a person or injury or damage to property has been filed by a claimant, no action for contribution or indemnity may be commenced with respect to any payment made to that claimant more than 2 years after the party seeking contribution or indemnity has made the payment in discharge of his or her liability to the claimant.
>
> (b) In instances where an underlying action has been filed by a claimant, no action for contribution or indemnity may be commenced more than 2 years after the party seeking contribution or indemnity has been served with process in the

---

[4] Kogen takes the slightly more aggressive position that the latest date on which the limitations period could have started to run was February 16, 2007—the date on which Restoration's counsel confirmed in correspondence to Hartford that its client had received Hartford's February 6, 2007 denial letter. The difference between these two dates is immaterial to the resolution of the instant motion.

5

underlying action or more than 2 years from the time the party, or his or her privy, knew or should reasonably have known of an act or omission giving rise to the action for contribution or indemnity, whichever period expires later.

(c) The applicable limitations period contained in subsection (a) or (b) shall apply to all actions for contribution or indemnity and shall preempt, as to contribution and indemnity actions only, all other statutes of limitation or repose, but only to the extent that the claimant in an underlying action could have timely sued the party from whom contribution or indemnity is sought at the time such claimant filed the underlying action, or in instances where no underlying action has been filed, the payment in discharge of the obligation of the party seeking contribution or indemnity is made before any such underlying action would have been barred by lapse of time.

According to NAPCO, Section 13-204(b) applies in this case because an "underlying action" has been filed by Restoration; accordingly the two-year statute of limitations began running on December 23, 2008, when Restoration served NAPCO with process. See Section 13-204(b); *Guzman v. C.R. Epperson Const., Inc.*, 752 N.E. 2d 1069 (Ill. 2001). Again, NAPCO filed its third-party complaint on March 1, 2010, well within the two-year period following that event.

In order for NAPCO's claims to be governed by the statute of limitations for contribution actions, NAPCO's action must truly be one "for contribution or indemnity." On its face, NAPCO's complaint asserts that it is one for contribution. See, *e.g.* TPC ¶¶ 30, 36 ("[if] NAPCO is found liable to Plaintiff Restoration, NAPCO is entitled to contribution from Kogen and McHenry in an amount commensurate with their degree of fault and/or to the extent of their liability."); see also TPC ¶ 8. But a court cannot merely accept the "pleader's designation of the nature of the action" and instead should "evaluate the complaint in order to ascertain the true character of a plaintiff's cause of action." *Armstrong v. Guigler*, 673 N.E. 2d 290, 293 (Ill. 1996); see also *id.* ("The determination of the applicable statute of limitations is governed by the type of injury at issue"). Here, while Restoration asserts claims against NAPCO for breach of contract, breach of fiduciary duty, and negligence the "gravamen of [Restoration's] complaint" against NAPCO, *Armstrong*, 673 N.E. 2d at 296, sounds in tort: Restoration alleges that NAPCO

6

was negligent in obtaining an insurance policy for Restoration. NAPCO, through its third-party complaint, now seeks to allocate all or part of any damages assessed against it by arguing that Kogen and McHenry's negligence contributed to or caused Restoration's injury. Importantly, neither McHenry nor Kogen has argued that NAPCO's complaint is not one "for contribution or indemnity" so as to fall outside the purview of Section 13-204. Accordingly, upon examination of NAPCO's and Restoration's complaints (and subject to the caveat in footnote five), the Court concludes that NAPCO's complaint is one for "contribution or indemnity" so as to be covered by Section 13-204.[5]

The Court must now decide which of the two statutes of limitation applies to NAPCO's claims. Upon careful consideration of the briefs filed by the three parties and upon review of the relevant statutes and case law, the Court agrees with NAPCO and finds that the applicable accrual date and statute of limitations is controlled by 735 ILCS 5/13-204.

---

[5] In 2008, the Illinois Supreme Court considered the applicability of Section 13-204 to an action that was based on the defendants' purported breach of their duty to indemnify the plaintiff pursuant to a written indemnification agreement. *Travelers Cas. & Sur. Co. v. Bowman*, 893 N.E. 2d 583, 589-593 (Ill. 2008). The Supreme Court held that that the two-year statute of limitations period set forth in section 13-204 of the Code did not apply to the action, and instead found the 10-year statute of limitations for actions on written contracts to be applicable. *Id*. at 591-93 ("Because the claim at issue is based on a breach of express indemnification provisions in a written agreement, it is subject to the 10-year limitations period in section 13-206."). Because the basis of NAPCO's sought-for indemnity does not rest on a "written indemnity agreement" between NAPCO and the third-party defendants, this facet of *Bowman* is inapplicable to the instant case. However, during the course of the *Bowman* opinion, the majority interpreted the statute to find that "[s]ections 13-204(a) and 13-204(b) are plainly addressing cases involving the allocation of damages in connection with an underlying tort claim for injury to person or property." As discussed above, while the basis of NAPCO's complaint for indemnity arguably rests on an underlying tort (for negligence in obtaining the Hartford policy) the Court questions whether the basis for indemnity rests on an "underlying tort claim *for injury to person or property*." *Id*. at 592-93 (emphasis added). It is unclear from the Court's careful reading of the *Bowman* opinion whether the Supreme Court intended to exclude claims like NAPCO's from the contribution statute. Although the parties cited *Bowman*, neither McHenry nor Kogen cited it for the proposition that NAPCO's complaint falls outside Section 13-204 because it is not one for "contribution or indemnity." Without the benefit of further briefing and argument from the parties on this point, the Court is unwilling to hold that *Bowman* excludes NAPCO's complaint from the contribution statute of limitations. McHenry or Kogen may, should they wish to do so, advance such an argument through an appropriate motion (including a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) or in a motion for summary judgment pursuant to Rule 56).

The plain language of Section 13-204(c) provides that it "shall apply to all actions for contribution or indemnity" and "shall *preempt*, as to contribution and indemnity actions only, all other statutes of limitation or repose" 735 ILCS 5/13-204(c) (emphasis added), including, presumably, the statute of limitation for insurance producers contained in Section 13-214.4. Section 13-204(c) contains one condition relevant here—it only preempts other statutes of limitation if "the claimant in an underlying action could have timely sued the party from whom contribution or indemnity is sought at the time such claimant filed the underlying action." Here, Kogen and McHenry offer no explanation as to why Restoration (the claimant) could not have sued them immediately after Hartford denied Restoration's claim. To the contrary, it appears to the Court that Restoration could have immediately sued Kogen and McHenry. *Bowman*, 893 N.E. 2d at 591-92 (explaining that Section 13-204 did not apply to the claim at bar in part because "the claimants in the underlying action * * * could not have sued the [defendants] directly"). Because NAPCO's claim is one for contribution[6] and because the single condition in Section 13-204(c) is satisfied, Section 13-204, according to its terms, preempts the statute of limitations in Section 13-214.4.

In the interest of completeness, the Court will briefly discuss the arguments raised by Kogen and McHenry as to why Section 13-204 should not preempt Section 13-214.4.

First, both Kogen and McHenry argue that because the insurance producer statute of limitations is "more specific" than the statute of limitations for contribution actions, the insurance producer statute controls. Section 13-214.4, we are told, is more specific because it "applies to a limited class of individuals and entities—insurance producers" while the contribution statute of limitations applies to a "broad class." (Kogen Reply [101] at 6 (citing *Knolls Condominium Ass'n v. Harms*, 781 N.E. 2d 261, 267 (Ill. 2002) ("It is also a fundamental

---

[6] Again, subject to the caveat in footnote 5, *supra*.

rule of statutory construction that where there exists a general statutory provision and a specific statutory provision, either in the same or in another act, both relating to the same subject, the specific provision controls and should be applied."); see also McHenry Reply [100] at 2 (citing *Moore v. Green*, 822 N.E. 2d 69 (Ill. App. 1st Dist. 2004)). While it is a general rule of construction that a specific provision controls over a general, the "primary goal" in construing a statute is to determine and effectuate the intent of the legislature. *People v. Amigon*, 2010 WL 4655168, *7 (Ill. 2010). "The most reliable means of accomplishing that goal is to apply the plain and ordinary meaning of the statutory language." *Id*. Courts "may not depart from the statute's plain language by reading in exceptions, limitations, or conditions that conflict with the legislature's intent." *Id*. Here, the plain language of Section 13-204(c) states that when applicable, it *preempts* all other statutes of limitation. The Court must give effect to that language. Any other interpretation would "nullify and completely ignore the positive and specific language of the statute," which this Court may not do. *McCann v. Lisle-Woodridge Fire Protection Dist.*, 450 N.E. 2d 1311, 1317 (Ill. App. Ct. 2nd Dist. 1983).

Both Kogen and McHenry cite *United General Title Insurance Co. v. AmeriTitle, Inc.*, 847 N.E. 2d 848, 856 (Ill App. 1st Dist. 2006), rev'd in part by *Travelers Cas. & Sur. Co. v. Bowman*, 893 N.E.2d 58 (Ill. 2008), for the proposition that courts have found that Section 13-214.4 preempted other statutes of limitation where a claim is brought against an insurance producer. In the portion of the *AmeriTitle* opinion that was not reversed by *Bowman*, the appellate court found that the statute for insurance providers controlled over the ten-year statute of limitations provided for actions on written contracts, Section 13-206. *Id*. at 857. The appellate court so found because the statute of limitations for insurance providers was more specific than the statute for actions on written contracts. *Id*. at 858. *AmeriTitle* is inapplicable to

the instant conflict between Section 13-204 and Section 13-214.4 because, unlike Section 13-204(c), Section 13-206 has no language that explicitly preempts all other statutes of limitation.

Second, Kogen argues that in fact, the two statutes of limitation are not in conflict and can be "easily harmonized because both are restrictive and not permissive in nature." Kogen Reply [101] at 5 (citing *Moore v. Green*, 822 N.E. 2d 69, 75 (Ill. App. Ct. 1st Dist. 2004) ("statutes relating to the same subject should be construed in harmony with each other whenever reasonably possible.")). But Kogen does not explain how the statutes could be "harmonized"—applying the statute for insurance providers would result in NAPCO's complaint being time-barred; applying the statute for contribution actions would render the suit timely.

For the reasons stated above, the Court finds that the statute of limitations in Section 13-204 applies to NAPCO's complaint against McHenry and Kogen. The complaint is timely because NAPCO filed it well within two years of being served with Restoration's underlying complaint.

### B. NAPCO's Breach of Fiduciary Duty Claim

The Illinois Insurance Liability Placement Act, at Section 2-2201(b), provides:

> "No cause of action brought by any person or entity against any insurance producer, registered firm, or limited insurance representative concerning the sale, placement, procurement, renewal, binding, cancellation of, or failure to procure any policy of insurance shall subject the insurance producer, registered firm, or limited insurance representative to civil liability under standards governing the conduct of a fiduciary or a fiduciary relationship except when the conduct upon which the cause of action is based involves the wrongful retention or misappropriation by the insurance producer, registered firm, or limited insurance representative of any money that was received as premiums, as a premium deposit, or as payment of a claim."

735 ILCS 5/2-2201(b). Section 2201(b) "precludes claims against insurance producers for breach of fiduciary duty, except where such claims are based on the wrongful retention or misappropriation of any money that was received as premiums, as a premium deposit, or as

10

payment of a claim." *Melrose Park Sundries, Inc. v. Carlini*, 927 N.E. 2d 132, 137 (Ill. App. 1st Dist. 2010) (affirming summary judgment on breach of fiduciary duty claim against insurer for failure to properly obtain insurance). Illinois courts have explained that the "plain language of section 2-2201 protects the insurance producer from civil liability arising out of the fiduciary relationship" between an insured and its broker. *DOD Technologies v. Mesirow Ins. Services, Inc.*, 887 N.E. 2d 1, 7 (Ill. App. 1st Dist. 2008) (citing *Mizuho Corp. Bank (USA) v. Cory & Associates, Inc.,* 341 F.3d 644 (7th Cir. 2003)). In *Mizuho*, the Seventh Circuit described Section 2-2201(b) as an "automatic exemption from liability for breaches of fiduciary duty." *Mizuho*, 341 F. 3d at 651-52.

In its response, NAPCO concedes that its claims for breach of fiduciary duty against Kogen and McHenry are barred by the statute. (NAPCO Resp. [97] at 13-14). As NAPCO has conceded that Kogen and McHenry are insurance producers (*id*. at 13), and there is no allegation that either Defendant wrongfully retained or misappropriated money, NAPCO's concession is well-founded. Accordingly, Count I of NAPCO's third-party complaint is dismissed with prejudice.

The only argument that NAPCO raises in its response is that if its claims against Kogen and McHenry are barred by Section 2-2201(b), so too are Restoration's claims for breach of fiduciary duty against it. That may be so, but the issue is not before the Court at this time. Should NAPCO wish to challenge Restoration's breach of fiduciary duty claim against it through the application of Section 2-2201(b), it may do so by filing an appropriate motion.

## IV.     Conclusion

For the foregoing reasons, the motions to dismiss filed by Kogen and McHenry [89, 91] are each granted in part and denied in part. Specifically, Count I of NAPCO's third-party

11

complaint (breach of fiduciary duty) is dismissed with prejudice. The portions of Kogen's and McHenry's motions which seek to dismiss Count II (negligence) of NAPCO's complaint are denied.

Dated: January 31, 2011 _____
Robert M. Dow, Jr.
United States District Judge