**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RESTORATION SPECIALISTS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 08cv644 |
| v. | ) | |
| | ) | Judge Robert M. Dow |
| HARTFORD FIRE INSURANCE CO. and | ) | |
| NAPCO, LLC, | ) | Magistrate Judge Susan E. Cox |
| | ) | |
| Defendants. | ) | |
| ———————————————— | ) | |
| | ) | |
| NAPCO, LLC, | ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL A. KOGEN, individually and as | ) | |
| agent of MCHENRY INSURANCE | ) | |
| SERVICES, INC., | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

## REPORT AND RECOMMENDATION

This matter comes before the Court on plaintiff's motion for sanctions and concerns a single interrogatory, which asks for the basis of defendant's affirmative defense. Because plaintiff has requested monetary sanctions and other relief, the district judge has referred this motion for report and recommendation.[1]  For the reasons stated below, we respectfully recommend that the district court grant the plaintiff's motion in part and deny it in part [dkt. 166].

---

[1]*See Retired ChicagoPolice Assn. Et al v. City of Chicago*, 76 F.3d 856, 869 (7th Cir. 1996).

## I. *Facts and History of this Dispute*

Plaintiff filed this case when its insurer, defendant Hartford failed to pay out on a claim it submitted to it for Damages arising from a porch collapse in June 2003. In one of several pleaded affirmative defenses, defendant contends that plaintiff is not an "insured" as defined by the operative insurance policy because "at no time did [it] have any understanding" that all the properties it was insuring, including the property in question, 713 W. Wrightwood, were owned by someone other than Michael Aufrecht. Put more succinctly, one of defendant's defenses centers on its view that plaintiff cannot claim coverage here because Michal Aufrecht did not own this property.

Not surprisingly, plaintiff sought discovery on the basis for this defense. In Interrogatory No. 4, plaintiff asked the following question:

> Identify each employee or agent of Hartford who understood that Hartford was only insuring those properties in which Aufrecht possessed an ownership interest, and as to each such person, identify the source (person/s and documents) of that understanding. With respect to persons who made representations to Hartford's employees or agents resulting in this belief or understanding, identify the person who made the representation by name and title, the date on which the representation was made, how it was made (*i.e.* telephonically or in person) and identify any notes, emails or other records of that communication. With respect to documents that Hartford employees or agents relied upon in reaching this understanding, identify each such document.

On May 3, 2010, defendant gave this answer:

> Hartford incorporates its General Objections as its objections to Interrogatory No 4. Hartford also objects to this Interrogatory on the grounds it is overly broad and ambiguous. In further answering, Hartford objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or work-product doctrine. Hartford also objects to this Interrogatory to the extent it seeks a narrative answer and therefore, is not appropriate for deposition inquiry. Subject to and without waiving its objections, Hartford suggests that Plaintiff depose Dee Torgerson of Hartford, and also refers Plaintiff to all documents produced through discovery to date.

The Court notes that none of these objections are appropriate. The interrogatory is neither broad nor ambiguous, but instead focuses on the basis for the affirmative defense. To the extent the

matter is protected by privilege, the basis for the asserted privilege should have been clearly set forth (i.e. the identity of participants in the communications) and a log produced.[2] The objection that the interrogatory calls for a "narrative" response better left to a deposition is not proper.[3] Finally, defendant improperly refers to all documents produced "to date" without identifying a single one by Bates or other identifying mark.

For reasons unclear to the Court (which did not have discovery supervision until recently), the matter did not come before any Court for resolution until plaintiff filed a motion to compel on November 22, 2011 before the late Magistrate Judge Martin Ashman, who previously was referred the case by District Judge Robert Dow. On January 20, 2012, Magistrate Judge Martin Ashman granted plaintiff's motion and overruled all of defendant's objections. The Court ordered defendant to answer the interrogatory and specifically identify the basis for its "understanding" that Aufrecht had to own the property for it to be obligated under the operative policy.

Defendant's supplemental answer again failed to answer the question asked:

> Hartford incorporates its original General Objections as well as its previous Specific Objections to Interrogatory No 4. Subject to and without waiving its objections, all Hartford employees understood that Hartford would only issue property insurance coverage to insure properties in which the insured has an insurable interest in any and all properties to be insured under the policy. Dee Torgerson, the underwriter for the subject Policy, Marge Chaupentier, another Harford underwriter, and any other Hartford employee(s) that were involved with the procurement of the policy all understood Hartford was only insuring properties listed on the Statement of Values/Schedule of Values provided to Hartford by NAPCO and that Aufrecht had an insurable interest in those listed properties. Answering further, Hartford would not have issued the policy at issue had Hartford known that Mr. Aufrecht did not possess an insurable interest in Restoration Specialists LLC.

In this answer, defendant does identify some specific employees who had the "understanding" as

---

[2] *Acosta v. Target Corp.,* 281 F.R.D. 314 (N.D. Ill. 2012); Fed. R.Civ.P. 26 (b)(5)(A)(ii).
[3] *Roland v. Salem Contract Carriers, Inc.,* 811 F.2d 1175, 1178 (7th Cir. 1987); *see also* Wright & Miller, *Federal Practice and Procedure,* § 2169.

the Interrogatory requests. But it further obfuscates even this response by also including in its answer all of its employees who were involved with the procurement of the policy without stating who these people are. More importantly, the answer reveals nothing about the factual basis of these people's understanding. Is it based on documents these individuals reviewed? Is it based on conversations these individuals had with others at Hartford? Is it based on their reading of the policy at issue? These questions are what would form the "understanding" to which defendant referred in its affirmative defense and which Magistrate Judge Ashman ordered defendant to identify. The supplemental answer again did not specifically identify any documents, but defense counsel in an electronic mail message to plaintiff identified a specific underwriting document as responsive to the inquiry. However, the response was not amended to include this document until defendant gave a further supplemental response.

Finally, after several more exchanges by the parties, defendant supplemented its answer again in May of this year.

> Hartford incorporates its original General Objections as well as its previous Specific Objections to Interrogatory No. 4. Subject to and without waiving its objections, all Hartford employees understood that Hartford would only issue property insurance coverage to insure properties in which the insured has an insurable interest in any and all properties to be insured under the policy. Dee Torgerson, the underwriter for the subject Policy, Marge Charpentier, another Hartford underwriter, and any other Hartford employee(s) that were involved with the procurement of the policy all understood Hartford was only insuring properties listed on the Statement of the Values/Schedule of Values provided to Hartford by NAPCO and that Aufrecht had an insurable interest in those listed properties. Answering further, Hartford would not have issued the policy at issue had Hartford known that Mr. Aufrecht did not possess an insurable interest in Restoration Specialists LLC. Answering further, Hartford's underwriters cannot recall a specific conversation in which the concept of Mr. Aufrect's insurable interest was discussed. Hartford further states that Napco, as well as any other insurable broker that Hartford has dealt with in placing property insurance policies, understands that the named insured must have an insurable interest in the property(ies) to be insured or coverage will not be issued by Hartford and states that its underwriters relied upon the policy language drafted by Napco concerning the necessity to posses an insurable interest. Hartford refers Plaintiff to paragraph 7(a) of the Policy and also refers Plaintiff to the Policy and its claim file

generally for additional information responsive to this interrogatory.

Most of this second "supplemental" response is a rehash of its previous responses with the exception of the last four sentences. In this part of defendant's response, however, it finally admits that the individuals it previously has identified did not have *any* conversations with anyone at the company which could form the basis for their asserted "understanding" that Mr. Aufrecht must own the property for it to be insured. Further, defendant asserts that its co-defendant NAPCO (as well as any other insurance broker) understood this to be the case without providing any basis for this understanding except to state it as a fact. (As an evidentiary matter, defendant cannot state under verification what a third party's understanding was and this part of the answer should be stricken for lacking foundation.) Finally, defendant refers the plaintiff back to its claim file, the policy and Section 7(a) for additional information responsive to the interrogatory without stating why and how these documents answer the question.

## II.    Has Defendant Answered the Interrogatory?

It is clear from the final answer to the interrogatory that there is no *factual* basis for defendant to have the understanding it claims in its affirmative defense. The identified employees' understanding that Mr. Aufrecht must own the property at 713 W. Wrightwood for there to be valid insurance coverage is not based on any conversations these employees have had with others employed at defendant (or with anyone else for that matter) nor is it based on documents (outside of the policy) in defendant's possession.  Instead, what defendant appears to be saying is that the employees identified as specifically having this understanding interpret Section 7(a) to require ownership of the property based on their own interpretation of the policy language.

Accordingly, defendant is bound by that answer. To re-write its response in plain English: The identified employees believed that defendant was only insuring those properties of the

"Schedule of Values" and further interpreted Section 7(a) of the policy to require that Mr. Aufrecht own the property identified therein for there to be an insurable interest. None of these employees recall discussing this interpretation of the policy with anyone else at the company nor is their interpretation discussed, reflected or otherwise mentioned in any other document in defendant's possession. This essentially is defendant's final answer.

### III.     Should Sanctions Be Awarded?

Plaintiff has requested several sanctions be considered by the Court for defendant's conduct including fees and costs for bringing this motion and striking the affirmative defense altogether. In considering this request, we begin by noting, as should be obvious from the discussion above, that it took a motion to compel, a ruling from the Court in favor of plaintiff, a subsequent motion for sanctions and three different responses for defendant to finally answer the question. But the answer it finally has given was known to defendant since the time the question originally was asked. Further, in the Court's view, defendant did not comply with Judge Ashman's order in its supplemental response. In that response, defendant did identify individuals who had knowledge about the understanding of the coverage question, but it did not identify any factual basis for that understanding. Of course, this factual basis is what Judge Ashman ordered defendant to provide. Defendant does not offer any explanation for its conduct except to argue that its supplemental response was sufficient, an argument this Court has rejected.

Rule 37(b) of the Federal Rules of Civil Procedure permits granting motions for discovery sanctions when a party fails to comply with a court order that has already been made to compel production.[4] Such sanctions can include designating the matters in question as facts, rendering a

---

[4] Fed.R.Civ.P. 37(b)(2).

default judgment against the disobedient party, or awarding reasonable costs of attorneys' fees.[5] The sanction chosen by the court should be sufficient to deter the conduct and cure any prejudice resulting from the discovery violation.[6]

Defendant argues that no sanction is warranted because it has not acted with "wilfulness, bad faith or fault" as the Seventh Circuit requires.[7] However, as defendant concedes, an evaluation of its conduct for this purpose does not depend on defendant's subjective mind set, but, rather, requires the Court to objectively evaluate the reasonableness of its conduct.[8] Further, as plaintiff points out, our Court of Appeals frequently has found that such bad faith exists and deemed sanctions appropriate when a party has failed to comply with a court order.[9]

In this case, the Court finds that defendant's refusal to answer the interrogatory fully, as Judge Ashman required, was unreasonable. As we already have said, the answer it has now given to plaintiff has been known to defendant since the time plaintiff first made its inquiry: the "understanding" which forms the basis of its affirmative defense is based on an interpretation of the policy in question. There is no other evidence in defendant's possession to support the interpretation. In the Court's view, its final answer (written more than two years since the interrogatory was served) makes that fact plain. Accordingly, the litigation surrounding this interrogatory would have been unnecessary had defendant simply answered the interrogatory to this effect in the first place.

Plaintiff claims it has been prejudiced as a result of defendant's actions. The Court certainly agrees that it should not have been necessary for the plaintiff to seek further enforcement of Judge Ashman's order and recommends that the district judge in this case award fees and costs for the

---

[5] Fed.R.Civ.P. 37(b)(2)(A)-(C).

[6] *See Fudali v. Napolitano,* No. 10cv6744,2012 WL 2108651, *3 (N.D. Ill. June 12, 2012)(citing to law providing that fee shifting on discovery disputes is at times necessary to meet the goal of Rule 37).

[7] *Langley v. Union Elec. Co.,* 107 F.3d 510, 514 (7th Cir. 1997).

[8] *Id.*

[9] *See, e.g., Johnson v. Commissioner of Internal Revenue,* 289 F.3d 452, 456 (7th Cir. 2002).

prosecution of this motion. Further, given the multiple opportunities defendant has had to answer the interrogatory completely, the Court recommends that the district judge hold defendant to its final answer which makes it clear that defendant cannot specifically identify any communications or documents that support its affirmative defense (except the policy documents) and to bar any evidence in support of that defense that is based on factual information not set out in the answer. This relief fully ameliorates any prejudice to plaintiff. The Court, therefore, declines to recommend that the affirmative defense be stricken. It is the district court's decision, on further motion and briefing, whether the policy language alone supports the legal interpretation offered by plaintiff.

Specific written objections to this report and recommendation may be served and filed within 14 business days from the date that this order is served.[10] Failure to file objections with the district court within the specified time will result in a waiver of the right to appeal all findings, factual and legal, made by this Court in the report and recommendation.[11]

**ENTERED:** __August 1, 2012__

_____
**UNITED STATES MAGISTRATE JUDGE**
**Susan E. Cox**

---

[10] Fed.R.Civ.P. 72(b).
[11] *See Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir.1986).